[Civ. No. 2645.  Third Appellate District.—December 17, 1923.]

## G. FRED CLARK, Appellant, v. BOARD OF EDUCATION OF EUREKA SCHOOL DISTRICT et al., Respondents.

[1] SCHOOL LAW — ELECTION OF TEACHERS — CODE AMENDMENT APPLICABLE.—The provisions of section 1609 of the Political Code, as amended in 1921, apply to teachers elected either before or after the enactment of said amendment, if they are elected without any contract having been entered into between them and the board of trustees.

[2] ID.—REINSTATEMENT AS TEACHER—INSUFFICIENT PETITION.—In a petition for a writ of mandate to compel the reinstatement of petitioner as teacher in a public school, petitioner must set forth all the qualifications and legal requirements necessary to show that at the time of the demand for reinstatement the board of school trustees would have the legal right and authority to make such reinstatement, and if he fails to do so his petition is necessarily defective and a demurrer thereto is properly sustained.

[3] ID. — CAPACITY IN WHICH EMPLOYED — PLEADING — SPECIAL DEMURRER.—A petition for a writ of mandate to compel the reinstatement of petitioner as teacher in a public school is defective where it fails to allege in what capacity plaintiff was employed, whether as a substitute, a probationary, or a permanent teacher, and a special demurrer thereto on that ground is properly sustained.

[4] ID.—TERM OF EMPLOYMENT—ABSENCE OF ALLEGATION—SPECIAL DEMURRER.—Where the petition in such proceeding fails to set forth when or for how long a time petitioner was employed or whether or not such employment was with or without limitation

2. *Mandamus* to compel the reinstatement of a teacher, note, 49 L. R. A. (N. S.) 62.

as to time, the petition is insufficient, as against a special de-
murrer on the ground of such deficiency.

[5] ID. — CAPACITY OF EMPLOYMENT — INSUFFICIENT PETITION. — The
petition in such proceeding is insufficient, as against special de-
murrer, where it fails to set forth whether petitioner was em-
ployed as principal, as a principal teacher or as a permanent
teacher.

APPEAL from a judgment of the Superior Court of Hum-
boldt County. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

Metzler & Mitchell for Appellant.

E. W. Wilson and James W. Henderson for Respondents.

PLUMMER, J.—Plaintiff appeals from a judgment of
dismissal entered after sustaining the defendants' demurrer
to the plaintiff's second amended complaint.

The action is for a writ of mandate requiring the defend-
ants, as the board of directors of the Eureka School District,
to reinstate the plaintiff as a teacher in the schools of said
district.

After certain formal matters being set forth, the com-
plaint of the petitioner alleges as follows in paragraph 3
thereof:

"That petitioner has been successfully employed as a
teacher by the Eureka School District for more than two
consecutive school years, to wit: for four consecutive years,
and was and is a permanent teacher, and employed in one
of the public schools in the Eureka school district, viz.: in
the Winship School, in which said school are employed at
least eight teachers under a principal who has and does
devote at least two hours per day to supervision in said
Winship School, a school under his control. That petitioner
has been such teacher during all that period, and has not
resigned from said position, nor made any request that his
resignation be accepted. That petitioner was employed
prior to the commencement of the school year of 1918–1919,
and assumed his duties as a teacher in said Winship School
in the capacity of principal and performed such services
as such principal teacher of said Winship School continu-

ously during each school year thereafter, up to and until the 23rd day of June, 1922.''

It further appears from the complaint that on or about the nineteenth day of May, 1922, the petitioner made a request in writing for leave of absence. To this request the board of directors replied as follows:

''My dear Mr. Clark:

''At an adjourned meeting of the Board of Education held May 19th, 1922, your communication was read. No action was taken upon your communication for the reason that the Board of Education reached the conclusion that the principal of the High School should also be the principal of the Winship School and it might be inferred in granting the leave of absence that you would be entitled to reinstatement at the end of your leave of absence. Your communication was therefore placed on file.

''Mr. Geo. C. Jensen was appointed principal of the Winship School.

''Respectfully yours,

''GEO. B. ALBEE,

''Clerk Board of Education.''

In paragraph 6 of the complaint the plaintiff's demand for reinstatement is alleged as follows: ''That thereafter, to wit: on or about the 7th day of August, 1922, petitioner made a demand for reinstatement, and did on the 28th day of August, 1922, present himself at said Winship School prepared to go on with his work as such permanent teacher, and was thereupon by order of the defendants, ejected therefrom, and informed that he could not assume such position. That defendants failed and refused and do now fail and refuse to reinstate petitioner or permit him to assume the duties as such permanent teacher, or otherwise.''

In paragraph 7 of plaintiff's complaint it is next alleged that the plaintiff was dismissed without cause, etc. Paragraph 7 is in the following words: ''That your petitioner was dismissed and discharged by said defendants from said position in said Winship School without just cause or any sufficient or legal reason, and without any hearing of any kind, or trial as in such cases provided, and is now refused such position by defendants illegally and contrary to law. That petitioner has all the qualifications of such teacher, and

the certificates required by law, and has actually been acting as such teacher for the period of four consecutive school years last past, continuously, and at all times while school was in session; that defendants acted without any just cause or sufficient reason, and contrary to law and procedure.''

Paragraph 9 alleges the amount of salary formerly received by the petitioner, to wit, two thousand four hundred dollars per year, payable in ten monthly installments. To this complaint the defendants interposed both a general and a special demurrer. The language of the general demurrer is as follows: ''That said second amended petition does not state facts sufficient to authorize or justify the issuance of an alternative, or any writ of mandate therein.''

The special demurrer contains eight different specifications, three of which only 'we deem it necessary to consider, to wit, the fifth, sixth, and seventh specifications, which are as follows:

''5th. That it cannot be ascertained therefrom whether the petitioner was employed as a substitute, a probationary, or a permanent teacher.

''6th. That it cannot be ascertained therefrom when or for how long a time the petitioner was employed or whether or not such employment was with or without limitation as to time.

''7th. That it cannot be ascertained therefrom whether the said petitioner was employed as principal, as a principal teacher, or as a permanent teacher.''

Just what grounds of demurrer were sustained by the court does not appear from the transcript. The order is general and allowed the plaintiff ten days within which to file a third amended petition. This he declined to do and judgment was thereupon entered. If any ground of demurrer alleged is good, then the judgment of the trial court should be affirmed.

[1] On the part of the petitioner it is contended that section 1609 of the Political Code, as amended by an act approved June 3, 1921, governs this case. On the part of the respondent it is strongly insisted that the section of the Political Code referred to prior to its amendment is the law which must be applied in determining the questions here presented. In the case of *Kennedy* v. *Board of Education,* 82 Cal. 483 [22 Pac. 1042], it was held that an

amendment to section 1793 of the Political Code forbidding the removal of teachers except for cause applied to all teachers elected by boards of education whether they were elected before or after the enactment of the amendment.

If teachers are elected without any contract having been entered into between the teachers and the board of trustees, we see no reason why the decision in the Kennedy case would not be applicable to the amended section 1609, approved in 1921, and hence its provisions would apply to teachers elected both before and after the date of that amendment becoming effective.

With this view of the law we will examine the plaintiff's petition and judge it according to the provisions of the amended section.

The general ground of demurrer is that the plaintiff's second amended petition does not authorize the issuance of an alternative writ of mandate. Subdivision a of paragraph 5 of section 1609 of the Political Code, as amended in 1921, provided that boards of trustees shall have power to employ as teachers only persons who hold legal certificates for teaching in full force and effect, and on file at the time of such appointment in the office of the county school superintendent, etc. The plaintiff's petition alleges in paragraph 3 that the petitioner was employed prior to the commencement of the school year of 1918–19 and assumed his duties as teacher in said Winship school in the capacity of principal and performed services, etc., until the twenty-third day of June, 1922. And in paragraph 6 that thereafter, to wit, on or about the seventh day of August, 1922, petitioner made a demand for reinstatement and did on the twenty-eighth day of August, 1922, present himself at said Winship school prepared to go on with his work as such permanent teacher, etc. Then in paragraph 8, as hereinbefore stated, it is alleged that petitioner has all the qualifications of such teacher, and the certificates required by law, etc. The petition was filed on the twentieth day of November, 1922. It thus appears that the petition does not show that the petitioner had any of the necessary qualifications or that he had the certificate required by law either at the time of his alleged employment as teacher or at the date of his demand for reinstatement as a teacher in the schools of the Eureka School District. **[2]** It is a

762 CLARK *v.* BOARD OF EDUCATION. [64 Cal. App.

necessary prerequisite in a petition for a writ of mandate that the petitioner set forth all the qualifications and legal requirements necessary to show that at the time of the demand for reinstatement in the schools the board of school trustees would have the legal right and authority to make such reinstatement and if he fails to do so his petition is necessarily defective and a demurrer thereto would consequently be properly sustained. **[3]** The fifth ground of special demurrer is that it cannot be ascertained from the petition whether the petitioner was employed as a substitute, a probationary, or a permanent teacher. By an examination of paragraph 3 of plaintiff's complaint it will be seen that this specification is also well taken. It does not allege in what capacity the plaintiff was employed. In this particular attention may also be called to subdivision e of the fifth paragraph of section 1609 of the Political Code as to the qualifications of permanent teachers. It is there specified: "The board shall have power to qualify as permanent teachers all persons who shall have been successfully employed as teachers by the district for two consecutive school years at the time of classification; provided, also, that the two years of successful service shall have been performed in a district employing at least eight teachers under a principal who shall devote at least two hours per day to supervision in the school or schools under his control. . . . "

The language of the petition in paragraph 3 attempting to comply with the provisions of the subdivision of the code just referred to is as follows: "And employed in one of the public schools in the Eureka school district, namely, in the Winship School, in which said school are employed at least eight teachers under a principal who has and does devote at least two hours per day to supervision, etc."

It will thus be seen that the petition is entirely silent as to whether the district had employed the requisite number of teachers during the two years' period. The mere allegation that there are employed eight teachers is referable in point of time to the date of the filing of the plaintiff's petition, to wit, November 20, 1922. In other words, the petition uses words of present application and does not comply with the code. It is required that such number of

teachers must have been employed under the supervision of a principal for the past period of at least two years.

[4] The sixth ground of special demurrer is that it cannot be ascertained from the petition when or for how long a time the petitioner was employed or whether or not such employment was with or without limitation as to time. That this must appear in the petition is readily seen by an examination of the cases of *Kennedy* v. *Board of Education,* 82 Cal. 483 [22 Pac. 1042], and *Marion* v. *Board of Education,* 97 Cal. 606 [20 L. R. A. 197, 32 Pac. 643], having to do with the same questions with which we are now dealing. In the Kennedy case the election was without reference as to limitation and, therefore, by the court held to come under the terms of section 1793 of the Political Code, as amended in 1881, prohibiting the removal of teachers without cause, etc. In the Marion case the election was for one year or for a definite period and the court held that even if such an election was void, nevertheless, the statute did not apply and the power of removal on the part of the school trustees was not taken away. In the Marion case the decision in the Kennedy case is taken up and considered and the distinction to which we are here referring pointed out and the application which should be made set forth just as we are making it here.

The Kennedy case also sets forth the necessary allegations as to qualifications in holding certificates to which we have heretofore referred.

[5] The seventh ground of special demurrer is that it cannot be ascertained from the petition whether petitioner was employed as principal, as a principal teacher or as a permanent teacher. This ground also appears to be well taken, as will appear by a re-reading of paragraph 3 of plaintiff's second amended petition with this subject in mind. This defect becomes more apparent with the petitioner's demand for reinstatement, as his demand for reinstatement must correspond with the position to which it is claimed the petitioner had theretofore been elected.

From the foregoing the conclusion necessarily follows that the defendants' demurrer to the petitioner's second amended complaint was properly sustained. The petitioner was given ample time within which to amend, but declined to do so and,

under such circumstances, we see no reason for disturbing the judgment of the trial court. It is, therefore, ordered that the judgment be and the same is hereby affirmed.

Hart, J., and Finch, P. J., concurred.