[Civ. No. 2113. Fourth Appellate District.—January 21, 1938.]

H. INA GERRITT, Appellant, v. FULLERTON UNION HIGH SCHOOL DISTRICT et al., Respondents.

484

Forgy, Reinhaus & Forgy and A. M. Bradley for Appellant.

W. F. Menton, District Attorney, and Preston Turner, Assistant District Attorney, for Respondents.

BARNARD, P. J.—This is an appeal from a judgment dismissing a petition for a writ of mandate based upon an order sustaining a general demurrer to the petition, the petitioner having declined to amend within the ten days allowed for that purpose.

The petition, filed on June 15, 1937, alleges that the petitioner is a teacher by profession and holds a life certificate authorizing her to teach in secondary schools in this state; that the individual respondents are the board of trustees of the named high school district and also are the trustees of a junior college district having the same boundaries as the high school district; that during the times in question a high school and a junior college have been maintained upon the same campus and the same person has acted as superintendent of both schools; that during that time the high school has had an average daily attendance in excess of 850 pupils and

the junior college has had less than that number; that there has been no decrease in the number of pupils attending the high school and no particular kind of service therein has been discontinued; that the petitioner has taught the subjects of hygiene and foods in said high school for a period in excess of the past four years; that on July 28, 1931, the trustees of the high school district "employed the petitioner to render school service in a position requiring certification qualifications requiring her services for the school year 1931–32" at a named salary; that for the years 1932–33, 1933–34, 1934–35, 1935–36 and 1936–37 the trustees of this high school district and this junior college district employed the petitioner for the rendition of services requiring certification classifications to the said high school district and· the said junior college district; that during the two years last named a certain salary had been paid; that continuously since the year 1931 the petitioner has taught in the school maintained by the high school district and has also taught classes in the school maintained by the junior college district; that she has at all times devoted in excess of 3/5ths of the total time required of her by the superintendent of these two schools to the teaching of classes in the high school; that during all of these times she has served on high school committees and conducted high school extra curricular activities; that for the five years last mentioned the trustees of this high school district purported to employ the petitioner in the name of said junior college district for the purpose of nullifying and evading the tenure provisions of the school laws; that the respondent trustees at all meetings held sat as members of the board of trustees of both of these districts and at such meetings considered and directed the management and control of both schools; that these trustees for the purpose of nullifying and evading the provisions of the tenure act employed approximately forty teachers for work in the high school for the year 1936–37 in the name of the junior college district; that the high school district has paid the junior college district for all services rendered by the petitioner to the high school district from the school year 1932–33 to the present time; that on May 22, 1937, the petitioner notified the respondents that she would during the year 1937–38 be ready and available to render services as a teacher to this high school district and that she would expect compensation in accordance with such

rights as she might have as a teacher with permanent tenure rights; and that on June 9, 1937, the respondents notified her that they would not employ her for the school year 1937–38 because of her claim to permanent tenure rights. The prayer is for an alternative writ directing the respondents to recognize and employ the petitioner as a permanent teacher in said high school district and to pay her the salary to which she is entitled as such a teacher.

The sole question presented is as to the sufficiency of this petition. While some of the objections thereto raised by the respondents are technical in the extreme it must be conceded that the petition is far from a model and since it is apparent that it could have been so amended as to meet most, if not all, of the objections raised it is hard to understand why the opportunity given for that purpose was not used.

However, it should be borne in mind that less particularity in such a pleading is required where it appears from the nature of the allegations that the adverse parties must necessarily possess full information concerning the facts (*Goldstein* v. *Healy*, 187 Cal. 206 [201 Pac. 462]). It should also be borne in mind in considering the petition as against a general demurrer that we are enjoined by statute to construe pleadings liberally, that in passing upon the sufficiency of a pleading its allegations must be liberally construed with a view to substantial justice between the parties, and that allegations negativing the existence of defensive matters should not ordinarily be required (*Mix* v. *Yoakum*, 200 Cal. 681 [254 Pac. 557]; *Terry Trading Corp.* v. *Barsky*, 210 Cal. 428 [292 Pac. 474]).

With these rules in mind it must be held that this petition, in spite of its defects, alleges facts which, if true, would justify the issuance of a writ. As against a general demurrer it sufficiently appears that the petitioner had taught certain classes in this high school for the necessary time to acquire tenure as to that part of her work. While apparently she had not acquired tenure as to her other work, in the junior college, that fact would not prevent the issuance of a writ covering a portion of her employment. A further consideration is that the allegations setting forth what amounts, in effect, to a fraudulent attempt to evade and defeat the purposes of the tenure law, the truth of which allegations must be assumed for the present purposes, present a situation which,

if true, should not be upheld by the courts (*Mitchell* v. *Board of Trustees,* 5 Cal. App. (2d) 64 [42 Pac. (2d) 397]) and which in the interest of justice require us to go as far as the law will permit in sustaining the sufficiency of the petition to the end that the important question thus raised may be determined on its merits.

 The respondents contend that it is not sufficiently alleged that the petitioner had the required certificate at the time of her alleged employment as a teacher and at the time of her demand for reinstatement, citing *Clark* v. *Board of Education,* 64 Cal. App. 757 [222 Pac. 854]. While one ground of the decision in that case supports the contention here made there were other defects in the petition therein considered, the effect of which had an important bearing on the result. A contrary conclusion was reached by the same court in *Chambers* v. *Davis,* 131 Cal. App. 500 [22 Pac. (2d) 27], the reasoning of which is applicable here. The allegation that the petitioner holds a life certificate should be taken in connection with the other allegations that she has taught for more than four years in this high school, that she was employed by the respondents for the years 1931 to 1937, inclusive, for the rendition of services requiring certification qualifications, and that she had taught continuously since 1931, and it is not to be presumed that the respondents violated the statutes by employing her for several successive years without ascertaining that she held proper credentials which were duly registered and filed.

 The respondents further contend that the petition does not sufficiently allege that the petitioner was employed by this high school district for the requisite length of time and for the amount of service necessary to establish tenure. It is argued that it cannot be told from the allegations of the petition whether she was employed as a probationary employee or a substitute teacher, whether she was employed for one day each week or for the entire school year, whether she served as a teacher or other employee, whether she served for the complete years in question or only for a small portion of each of those years, whether she was employed for full time or part time, whether she served 3/5ths of all of the time during each year or merely 3/5ths of the time required of her by the superintendent, whether she served at least 75 per cent of the number of days the school was maintained each year or

merely 3/5ths of some other unnamed time. It is further argued that all other allegations of the petition are controlled by the allegation that she was employed by the trustees of the high school district in the name of the junior college district and that this conclusively shows that if she was legally employed at all she was employed by the junior college district.

Permanent or probationary teachers are, under the school laws, employed for a year while substitute teachers are employed from day to day (*Hogsett* v. *Beverly Hills School Dist.*, 11 Cal. App. (2d) 328 [53 Pac. (2d) 1009]), and the term "year" as used in this petition must be interpreted as a school year (*Williams* v. *Bagnelle*, 138 Cal. 699 [72 Pac. 408]). It is alleged that the petitioner taught for more than four years in this high school; that the trustees employed her in July, 1931, for the school year 1931–32; that for each of the next succeeding five years she was employed by the trustees of each of these schools; and that she had since 1931 taught continuously in the high school. As against a general demurrer these allegations sufficiently set forth an employment for full school years, an employment as a regular teacher and not as a substitute teacher, and the performance of such services for the respective school years. ▪ While the pleading could be improved upon it sufficiently appears, as against a general demurrer, that such employment and service was for more than 75 per cent of the days during which the school was maintained during the respective school years, and it is not necessarily to be inferred from the language used that the employment was merely for 3/5ths of the total time regardless of the number of days involved, or merely for 3/5ths of such time as the superintendent might require of her. The plain meaning of the petition is that she taught continuously during the years named, which implies that she taught for more than 75 per cent of the days in such years, and that more than 3/5ths of such continuous teaching was devoted to classes in this high school.

▪ The allegation that she was employed by the trustees of the high school district with the allegation that these trustees purported to employ her in the name of the junior college district is far from sufficient to conclusively show that she was employed only by the junior college district, and pre-

sents a question which particularly calls for a hearing on the merits and a determination of the real facts.

■ The respondents next argue that the petition is insufficient because it fails to allege that the contract of employment was in writing. It was held in *Martin* v. *Fisher*, 108 Cal. App. 34 [291 Pac. 276], that a formal contract of employment was not necessary and that a right to continue as a permanent teacher accrues after the requisite probationary service. Since the amendment of section 447 of the Code of Civil Procedure in 1933 the plaintiff is not required to plead the fact that his agreement was in writing. The allegations that the petitioner here was employed by the respondent board of trustees during the preceding five years and that this board purported to employ her in the name of the junior college district for the purpose of evading the tenure act furnishes an additional reason why the failure to plead a written contract with the respondent board should not necessarily be held fatal.

■ The last alleged defect of this petition which requires consideration is that it fails to allege that funds are available for the payment of the salary if the petitioner is reinstated. While it has been stated in certain cases that the availability of funds should be alleged, as well as proved, the question suggested could not be conclusive here and need not be considered, in view of the pleading which is now before us. Regardless of other considerations the prayer here was not for a writ requiring the payment of a certain sum but for a writ requiring the recognition of the petitioner as a permanent teacher and that she be paid the salary to which she is entitled as such a teacher. Under the circumstances here appearing the petitioner might be entitled to a writ which, under the prayer, could take such form as was made necessary by the evidence developed.

For the reasons given the judgment is reversed with directions to overrule the demurrer.

Marks, J., concurred.