## SHULHAN *v.* HAMTRAMCK CITY COUNCIL.

1. APPEAL AND ERROR—FACTS—RECORD.
   Court of Appeals will consider only those facts contained in the record on appeal.

2. SAME—STIPULATED FACTS.
   Court of Appeals will not consider a fact asserted by appellant in brief but not contained in stipulation of facts made by parties on appeal.

3. MUNICIPAL CORPORATIONS—ZONING BOARD OF APPEALS—FORUM FOR APPEAL.
   The proper forum for appeal from a decision of the zoning board of appeals of a city is not the legislative body of the city, but the courts, under our governmental structure with its division of powers.

4. SAME—COMMON COUNCIL—POWER.
   Common council of city *held*, not to have power to overrule decision of zoning board of appeals in granting variance to allow light manufacturing use in residential district (City of Hamtramck Zoning Ordinance, § 15.6).

5. COSTS—PUBLIC QUESTION—CHANGE OF OCCUPANCY PERMIT.
   No costs are allowed on appeal from judgment granting writ of mandamus to compel director of the department of building

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 491, 492.
[2] 5 Am Jur 2d, Appeal and Error § 711.
[3] 58 Am Jur, Zoning § 229 *et seq.*
[4] 58 Am Jur, Zoning § 194 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 1009.

and safety engineering of city to issue permit to allow change of occupancy from residential to light manufacturing, a public question being involved (City of Hamtramck Zoning Ordinance, § 15.6).

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted Division 1 October 5, 1966, at Detroit. (Docket No. 1,314.) Decided December 8, 1966. Rehearing denied January 16, 1967. Leave to appeal denied by Supreme Court March 17, 1967. See 379 Mich 755.

Complaint by John Shulhan for writ of mandamus against Frank Matulewicz, Julia Rooks, Zigmund Stachowicz, Edward Kondrat and Vasil Vasileff, Councilmen of the City of Hamtramck, I. M. Kopkowski, Director of the Department of Building and Safety Engineering of the City of Hamtramck, and said department, to compel issuance of change of occupancy permit. Writ granted. Defendants appeal. Affirmed.

*Harry L. Gervais,* for plaintiff.

*Charles W. Kotulski, Sr.,* City Attorney, and *Stanley J. Draganski,* Assistant City Attorney, for defendants.

. J. H. GILLIS, J. Plaintiff, John Shulhan, owner of real estate located in an R–2 district[1] in the city of Hamtramck, applied to the department of building and safety engineering for a permit to conduct a light manufacturing business on the premises. His application was referred to the Hamtramck zoning appeals board, which unanimously granted his re-

---

[1] An R–2 district permits 1 and 2 family dwellings, churches, museums, libraries, parks, community centers, golf courses, tennis courts, schools, unenclosed parking and uses accessory to any of the above permitted uses.

quest. Six days after this decision,[2] the defendant city council adopted a resolution directing the building department to withhold the change of occupancy permit. Defendant Kopkowski refused to issue the permit and plaintiff instituted suit in the Wayne county circuit court for a writ of mandamus, order to show cause, and mandamus injunction. Both sides appeared before the court and agreed that there was no need for testimony. Plaintiff offered as a statement of facts his pleadings and the minutes of the board of zoning appeals and defendants made no objections nor did they offer a counter-statement of facts. The trial court accepted plaintiff's statement, attached documents and unchallenged factual statements "as the record necessary to decide the case."

The court granted plaintiff's request for a writ of mandamus and ordered defendant Kopkowski to issue the necessary permit to plaintiff to enable him to use the premises in question for light manufacturing.

On appeal, the parties hereto have stipulated to a statement of facts. Defendants contend that the property in question was originally used for industrial purposes but this use was discontinued and the property abandoned for more than two years prior to the effective date[3] of the applicable zoning Ordinance No 206, § 3.3(d) which provides:

"Any part of a building, structure or land occupied by such a nonconforming use which use is abandoned, shall not again be used or occupied for a nonconforming use. Any part of a building, structure or land occupied by such a nonconforming use, which use is discontinued for a period of two years

---

[2] Section 15.6 of the zoning ordinance provides: "The decision of such board shall not become final until the expiration of 5 days from the date of entry of such order."

[3] Adopted November 20, 1947.

or more, shall not again be used or occupied for a nonconforming use. A change of tenancy, ownership, management, occupancy or use pursuant to paragraph e, f, or g of this section shall not constitute abandonment."

Defendants further contend that since the property was not a nonconforming use, it was part of an R–2 district and the actions of the appeal board constitute an act of rezoning, which power belongs exclusively to the common council citing CL 1948, § 125.584 (Stat Ann 1958 Rev § 5.2934).

An examination of defendants' contentions reveals a fatal defect. The basis for the defendants' position is that there had been an abandonment of the property in question. However, the statement of facts, which each of the parties has stipulated to, contains no mention of any abandonment of the premises and concedes the building was in existence at the time of passage of the zoning ordinance. This Court will consider only those facts contained within the record.

The remaining issue for our determination is whether the common council had the power to overrule the zoning appeal board decision and order defendant Kopkowski not to issue the permit. This perhaps can be answered by quoting directly from the written opinion of the trial court:

"Under paragraph 3 of the ordinance the city of Hamtramck has delegated to the zoning board of appeals broad powers to permit a variance from the provisions of the ordinance; the board met, heard arguments and made a decision; the decision may have been unwise or even legally questionable, but the board clearly had jurisdiction to make the decision. The forum provided by law for setting that decision aside is the courts. There are few things more fundamental in the structure of our govern-

ment with its division of powers between the executive, legislative, and judicial branches than that one branch of government may not usurp the functions of another.

"I suppose this is but another way of saying that the action of the city council was utterly without legal significance.

"It follows that plaintiff is entitled to the permit sought and granted him by the zoning board from which, I reiterate, no appeal was taken."

The United States Supreme Court has stated:

"The functions of government under our system are apportioned. * * * The general rule is that neither department may invade the province of the other and neither may control, direct, or restrain the action of the other." *Massachusetts* v. *Mellon* (1923), 262 US 447, 488 (43 S Ct 597, 67 L ed 1078).

Judgment affirmed. No costs, a public question being involved.

T. G. KAVANAGH, P. J., and HOLBROOK, J., concurred.