## MULLALLY v. TRENTON BOARD OF EDUCATION.

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—MISCONDUCT—HEARING—TEACHER TENURE ACT.

   A teacher who has acquired tenure status is entitled by the teachers' tenure act to a proper hearing by the board of education of the school district on the merits after specific written charges have been furnished the teacher before any disciplinary action is taken against him (CL 1948, § 38.101).

2. SAME—TEACHERS—TENURE HEARING—DUE PROCESS.

   Hearing required by statute before tenure teacher may be discharged or demoted is a *quasi*-judicial hearing and must be conducted in such a manner as to insure due process.

3. SAME — TEACHERS — TENURE HEARING — CHARGES — AMENDMENT —DUE PROCESS—SURPRISE.

   Amendment of charges by school board was properly allowed in hearing accorded tenure teacher charged with misconduct where

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Schools § 129 *et seq.*
[2, 4] 47 Am Jur, Schools §§ 139, 140.
[3] 40 Am Jur, Schools § 140.
[5] 5 Am Jur 2d, Appeal and Error § 1024.

teacher, represented by counsel, objected to amendment but neither alleged insufficiency of time to prepare nor requested a continuance and thus failed to establish surprise; due process in a hearing contemplates that all parties have the right to liberal amendment of the pleadings.

4. SAME—TEACHERS—DISCIPLINE—SUSPENSION WITH PAY—SPEEDY TRIAL.

Legislature in providing for suspension of teacher pending tenure hearing provided that compensation should continue during period of suspension but did not contemplate the lengthy pursuit of frivolous appeals; the public is entitled, as is the teacher, to a speedy trial on the charges brought.

5. DAMAGES—FRIVOLOUS APPEALS.

Court of Appeals may in appropriate cases assess damages against parties bringing frivolous appeals (GCR 1963, 816.5[2]).

Appeal from Wayne, Dingeman (Harry J., Jr.), J. Submitted Division 1 June 5, 1967, at Detroit. (Docket No. 2,759.)   Decided September 26, 1968.

Complaint by Donald P. Mullally against Board of Education, Trenton Public Schools, Trenton, Michigan for order of superintending control to compel board of education to revoke order authorizing amendment of formal charges in a teacher tenure hearing.  Summary judgment for defendant. Plaintiff appeals.  Affirmed.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* for plaintiff.

*Ian M. MacDonald,* for defendant.

THORBURN, J.  This cause comes on appeal from a circuit court of Wayne county determination that the plaintiff's prayer for superintending control over the defendant school board be denied.

The plaintiff is employed in the defendant school district as a tenure teacher. On October 26, 1965, plaintiff was advised in writing by the superintendent of schools that on October 25, 1965, the plaintiff was suspended from his duties as a teacher at Trenton high school. The plaintiff was suspended because it was alleged he had, among other things, performed acts of gross indecency with a former student and had given the former student barbiturates. On November 10, 1965, the plaintiff requested a private hearing. December 8, 1965, and February 9, 1966, the defendant school board, pursuant to the request, convened in private for the purpose of conducting a tenure hearing. During the course of the hearing the school board ordered that the charges be amended to name a person other than the former student as one with whom the plaintiff had committed the acts in question. Plaintiff-appellant made no request for a continuance.

A public school teacher who has acquired tenure status is entitled by virtue of the Teachers' Tenure Act[1] to a proper hearing by the board of education of a school district on the merits after specific charges shall have been furnished the teacher. *Wilson v. Flint Board of Education* (1960), 361 Mich 691.

The act provides guidelines for the hearing:

"The hearing shall be conducted in accordance with the following provisions:

"a. The hearing shall be public or private at the option of the teacher affected.

"b. No action shall be taken resulting in the demotion or dismissal of a teacher except by a majority vote of the members of the controlling board.

---

[1] CL 1948, §§ 38.71–38.191 as amended (Stat Ann 1968 Rev §§ 15-.1971–15.2056 as amended).

"c. Both the teacher and the person filing charges may be represented by counsel.

"d. Testimony at hearings shall be on oath or affirmation.

"e. The controlling board shall employ a stenographer who shall make a full record of the proceedings of such hearing and who shall, within 10 days after the conclusion thereof, furnish the controlling board and the teacher affected thereby with a copy of the transcript of such record, which shall be certified to be complete and correct.

"f. Any hearing held for the dismissal or demotion of a teacher, as provided in this act, must be concluded by a decision in writing, within 15 days after the termination of the hearing. A copy of such decision shall be furnished the teacher affected within 5 days after the decision is rendered.

"g. The controlling board shall have the power to subpoena witnesses and documentary evidence, and shall do so on its own motion or at the request of the teacher against whom charges have been made. If any person shall refuse to appear and testify in answer to any subpoena issued by the controlling board, such controlling board may petition the circuit court of the county setting forth the facts which court shall thereupon issue its subpoena commanding such person to appear before the controlling board there to testify as to the matters being inquired into. Any failure to obey such order of the court may be punished by such court as contempt thereof."[2]

Such a hearing is a *quasi*-judicial hearing and as such must provide a "due process" hearing. *Michigan Bell Telephone Co.* v. *Michigan Public Utilities Commission* (1941), 297 Mich 92; *Rassner* v. *Federal Collateral Society* (1941), 299 Mich 206; *Napuche* v. *Liquor Control Commission* (1953), 336 Mich 398.

---

[2] CL 1948, § 38.104 (Stat Ann 1968 Rev § 15.2004).

A "due process" hearing contemplates that all parties shall have the right to liberal amendment of the pleadings. The State and Federal courts in modern times by code and statute and by court rule have provided for the liberal amendment of pleadings. The test as to whether or not the tribunal in question applied "due process" is whether there is "surprise" and, if so, whether enough time is granted to the surprised party to prepare to meet the new allegation. The elements necessary to constitute surprise, insufficiency of time for preparation and denial of a request for a continuance, were not alleged by plaintiff. The school board, therefore, acted with propriety in permitting the amendment, and the action of the circuit court in granting a summary judgment was proper.

The Teacher Tenure Act[3] provides, among other things, that until the hearing held before the school board is completed, the teacher in question is suspended from duty, but compensation continues until the conclusion of the hearing.[4] Obviously the legislature had the worthy intention of protecting the teacher in question from loss of pay and resulting hardship by the bringing of frivolous charges. On the other hand, the legislature did not contemplate frivolous appeals (with the passage of years before the appeals are resolved with the teacher being paid throughout the appeal period) before the school board tenure hearing had been concluded. Both the public and teacher are entitled to a speedy trial. In this case the appeals to the Wayne circuit court and to the Court of Appeals are frivolous in nature. No question of premature or frivolous appeal having been raised by the defendant school board of education and no relief having been prayed for by

---

[3] CL 1948, §§ 38.71–38.191 as amended (Stat Ann 1968 Rev §§ 15-.1971–15.2056 as amended).

[4] CL 1948, § 38.103 (Stat Ann 1968 Rev § 15.2003).

way of damages,[5] the defendant school district has waived the right to such relief by failing to request it, but this court has in the past and will in the future, in appropriate cases, assess damages against parties who bring frivolous appeals. *In re Greening Estate* (1967), 9 Mich App 22.

An order may enter affirming the circuit court, with costs to the defendant.

J. H. GILLIS, P. J., and McGREGOR, J., concurred.

---

[5] CLS 1961, § 600.2445 (Stat Ann 1962 Rev § 27A.2445[3]), GCR 1963, 816.5[2].