BURCH v. BUILDING INSPECTOR OF BLOOMFIELD HILLS

1. ZONING—ZONING BOARD OF APPEALS.

> A zoning board of appeals' decision can be set aside only in the courts; a planning commission's withholding of a permit, approved by the zoning board of appeals, is improper.

2. APPEAL AND ERROR—DAMAGES—PUNITIVE DAMAGES—FRIVOLOUS APPEAL—UNSUBSTANTIAL QUESTIONS.

> Defendant building inspector's questions on appeal concerning his power to withhold a building permit from the plaintiffs when the zoning board of appeals granted the permit, but the planning commission, without any right, overturned the board's decision were unsubstantial and did not require formal submission to the appellate court; however, even though unsubstantial questions were presented, the defendant's appeal was not frivolous and punitive damages were not assessed against the defendant.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 December 22, 1970, at Lansing. (Docket No. 9916.)   Decided January 28, 1971.

Complaint for mandamus by L. C. Burch, Jr., and Jennie W. Burch against David Friedman, Bloomfield Hills Building Inspector, to obtain a building permit. Judgment for plaintiffs. Defendant appeals. Plaintiffs' motion to affirm granted and motion to assess punitive damages denied.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 178 et seq.
[2] 5 Am Jur 2d, Appeal and Error § 1024.

*L. C. Burch, Jr.,* for plaintiffs.

*Hartman, Beier, Howlett, McConnell & Googasian,* for defendant.

Before: Danhof, P. J., and McGregor and Quinn, JJ.

Per Curiam. This case is submitted on the plaintiffs' motion to affirm. Defendant appeals from the issuance of a writ of mandamus in Oakland County Circuit Court compelling him to grant plaintiffs a building permit upon submission of a completed application. Plaintiffs, owners of an irregularly-shaped parcel of land on which a commercial building is situated, desired to construct an addition to their building and obtained the necessary variances from the city's Zoning Board of Appeals. Defendant nevertheless refused to grant a building permit because the Planning Commission, subsequent to the action of the Zoning Board of Appeals, overruled the board. Plaintiffs petitioned in circuit court for a writ of mandamus which was granted upon the trial court's finding that the Planning Commission had no right to interfere with the determination of the Zoning Board of Appeals.

With this conclusion, we cannot disagree. *Shulhan v. Hamtramck City Council* (1966), 5 Mich App 399. Although the board's decision may have been open to attack, the Planning Commission's withholding of a building permit was not the proper vehicle to challenge it; a Zoning Board of Appeals' determination can be set aside only in the courts.

Plaintiffs have also submitted a request for punitive damages pursuant to GCR 1963, 816.5. While the questions defendant has presented on appeal are

unsubstantial and do not require formal submission to or oral argument before the Court, the appeal is not frivolous. *Mullally* v. *Trenton Board of Education* (1968), 13 Mich App 464, 469; *In re Greening Estate* (1967), 9 Mich App 22, 25.

Motion to affirm the judgment below is granted; motion to assess punitive damages is denied.