**James HIRBE, Respondent,**

v.

**HAZELWOOD SCHOOL DISTRICT et al., Appellants.**

**No. 36156.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 16, 1975.

Motion for Rehearing or Transfer
Denied Jan. 23, 1976.

Application to Transfer Denied
April 14, 1976.

of its board of education from a judgment declaring that respondent is entitled to the status of a "permanent teacher" by reason of the Missouri Teacher Tenure Act, §§ 168.102–168.130. (All statutory references are to RSMo 1969).

In 1968 respondent was employed by the Hazelwood School District to teach the fourth grade at the Cole Water School. The contract, dated December 5, 1968, provided that respondent agreed "to teach * * * for the term of 7 months, commencing on the 18th day of November, 1968, for the sum of 5,519 dollars per year to be paid monthly, payable in 9 equal payments at the end of each month beginning December 31, 1968 * * *." It was stipulated that "the term of the contract expired June 30, 1969."

Respondent was thereafter re-employed by the Hazelwood School District for the school years ending June 30, 1970, 1971, 1972 and 1973. On or before April 15, 1973, he received a notice from the board of education that he would not be employed "for the school year 1973–1974."

Prior to his employment by the Hazelwood School District respondent had been employed by the St. Louis Public Schools for three years and by the Florissant-Ferguson Schools for one year.

The Teacher Tenure Act became effective July 1, 1970. It is there provided, § 168.104(4), that the term "Permanent teacher" shall include "any teacher who has been employed or who is hereafter employed as a teacher in the same school district for five successive years and who has continued or who thereafter continues to be employed as a full-time teacher by the school district," with certain exceptions not here pertinent.

A "Probationary teacher" is defined in § 168.104(5) as "any teacher * * * who has been employed full time in the same school district for five successive years or

Russell, Schechter, Weiss & Ens, Dan O. Russell, St. Louis, for appellants.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Kearney & Brown, Donald L. James, Patrick F. McLaughlin, St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

This is an appeal by the Hazelwood School District and the individual members

less. * * * In the case of any probationary teacher who has been employed in any other school system as a full-time teacher for two or more years, the board of education shall waive one year of his probationary period; * * *."

It is then provided in § 168.106 that a contract between a school district and a permanent teacher shall be known as an "indefinite contract" which shall continue in effect for an indefinite period subject only to certain modifications or its termination as provided by statute. In § 168.114 it is provided that an indefinite contract may be terminated by the board of education only for six specifically enumerated causes, and § 168.116 provides that an indefinite contract may not be terminated for an authorized cause "until after service upon the teacher of written charges specifying with particularity the grounds alleged to exist for termination of such contract, notice of hearing on charges and a hearing by the board of education if requested by the teacher."

The board of education of the Hazelwood School District did not consider appellant to be a permanent teacher, and for that reason there were no proceedings pursuant to § 168.116 pertaining to the termination of a permanent teacher's contract.

Respondent was employed to teach, and he did teach full time, for the Hazelwood School District for a period of seven months, and following that for a period of four years. Therefore, if but only if, the seven month period ending June 30, 1969, constituted a "year" within the meaning of § 168.104(4), he acquired the status of a permanent teacher when he was re-employed in 1972. On the other hand, if the seven month contract terminating June 30, 1969, does not qualify as a "year" pursuant to § 168.104(4), he did not complete his four "years" until June 30, 1973, and he was not thereafter continued as a full-time teacher, which is a condition to acquiring the status of a permanent teacher. See *Lopez v. Vance*, 509 S.W.2d 197, 203 (Mo.App.1974).

The determinative issue in this case is the meaning of the term "five [or four] successive years" as used in § 168.104(4). The trial court held that appellant was not employed in 1968 for a "full school year," but that he was employed "as a full-time teacher for that contract year," and, therefore, he was employed by the Hazelwood School District for "five successive contract years" and was entitled to the status with that school district of a permanent teacher as that term is defined in § 168.104(4). We do not agree.

One of the purposes of a teacher tenure law is to protect competent and qualified teachers in the security of their positions. *Lopez v. Vance*, supra; *Mullally v. Board of Education, Trenton Public Schools*, 13 Mich.App. 464, 164 N.W.2d 742 (1968); *Monan v. Board of Education of City of Buffalo*, 280 App.Div. 14, 111 N.Y. S.2d 797 (1952); 78 C.J.S. Schools and School Districts § 180 c. Where the teacher tenure law incorporates a probationary period, as does the Missouri law, it has as its purpose to provide the board of education a period, the duration of which is determined by the legislature as a matter of public policy, in which "to make a meaningful, on the job appraisal of the teacher's ability to perform his duties; to evaluate his worth to the school and determine whether he should become a permanent employee of the district, subject to removal only as provided by the act." *Marzec v. Fremont County, School District No. 2*, 142 Colo. 83, 349 P.2d 699 (Colo. banc 1960). In this case, the school board of the Hazelwood School District had, by legislative pronouncement, a period of "five [four] successive years" to make that decision. But in so declaring, the legislature did not define what it meant by a "year." We must therefore determine from the words, and the context in which they were used, the intent of the legislature.

We first note that § 1.020(6), provides that when the term "year" is used in the statutory laws of this state it "means a

calendar year unless otherwise expressed, and is equivalent to the words 'year of our Lord,'" unless that meaning is plainly repugnant to the intent of the legislature or to the context thereof. We are of the opinion that to construe the term "five [or four] successive years" to mean that number of years each being from January 1 to December 31 (which would constitute a "year of our Lord"), would be inconsistent with the intent of the legislature when it referred to contracts of employment for teachers whose usual period of employment is for a school year. See *Brookfield v. Drury College*, 139 Mo.App. 339, 123 S.W. 86, 94 (1909). In addition, and we consider this to be of particular significance, by § 160.041, enacted in 1963 as a part of a general revision of the school laws of this State, it is provided that "The school year commences on the first day of July and ends on the thirtieth day of June following." It is to this "year" that we think the legislature had reference when it used the term "five [or four] successive years." This is made evident when we look to § 168.108 of the Teacher Tenure Act pertaining to the provisions required to be incorporated in an indefinite contract. It is there directed that the contract shall contain a provision that "the teacher, beginning on the ___ day of ___ 19___, shall serve in the employ of the Board of Education and its successors for a term of ___ months (the number of school months of the *school year* in the district) * * *," and shall also contain a provision that the "contract shall continue in force from *year to year* until modified or terminated * * *." (Emphasis added.) It is obvious that by the phrase "from year to year" the legislature intended "from school year to school year," and that when the legislature referred to "five [or four] successive years" it meant "five [or four] successive school years" as the term "school year" is legislatively defined. See *Gerritt v. Fullerton Union High School District*, 24 Cal.App.2d 482, 75 P.2d 627 (1938).

In order for respondent to have obtained the status of a permanent teacher it was essential that the "statutory conditions [were] fulfilled, i. e. he [was] a full-time teacher for five successive [school] years" and thereafter continued to be employed as a full time teacher by the school district. *Lopez v. Vance*, supra at p. 203. When a statute creates a status upon the occurrence of certain conditions, that status, in this case tenure, can be acquired only in the manner provided by statute. *Nyboe v. Allen*, 10 Misc.2d 895, 175 N.Y.S.2d 334 (1958); *Zimmerman v. Board of Education of the City of Newark*, 38 N.J. 65, 183 A.2d 25 (1962). The period of respondent's first contract was for seven months. It was not for "the number of school months of the school year in the district," § 168.108, and therefore by teaching for that seven month period, respondent was not "employed as a teacher" for a school year. Thereafter, respondent was "employed as a teacher * * for [four] successive [school] years," but he was not thereafter employed as a full time teacher so he did not obtain the statutorily created status of a permanent teacher as defined by § 168.104(4).

When respondent was notified that he would not be employed for the school year ending June 1974, he had not obtained the status of a permanent teacher. He does not contend that his release was in any way improper in the event he had not obtained that status.

The judgment is reversed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.