Dear Dr. Mallory:
This opinion is in response to your question and statement as follows:
Section 168.124, RSMo 1978, states:
 "The board of education of a school district may place on leave of absence as many teachers as may be necessary because of a decrease in pupil enrollment, school district reorganization or the financial condition of the school district. In placing teachers on leave, the board of education shall be governed by the following provisions:
 (1) No permanent teacher shall be placed on leave of absence while probationary teachers are retained in positions for which a permanent teacher is qualified;
 (2) Permanent teachers shall be retained on the basis of merit within the field of specialization;
 (3) Permanent teachers shall be reinstated to the positions from which they have been given leaves of absence, or if not available, to positions requiring like training and experience, or to other positions in the school system for which they are qualified by training and experience;
 (4) No appointment of new teachers shall be made while there are available permanent teachers on unrequested leave of absence who are properly qualified to fill such vacancies;
 (5) A teacher placed on leave of absence may engage in teaching or another occupation during the period of such leave;
 (6) The leave of absence shall not impair the tenure of a teacher;
 (7) The leave of absence shall continue for a period of not more than three years unless extended by the board."
 Does the term "qualified" as used in Section 168.124, RSMo 1978, mean "certificated" or can the local board of education take into account other factors such as recent teaching experience or demonstrated proficiency in the situation involving involuntary leave of absence?
 For example: A tenured teacher is in a position that is to be eliminated because of a decrease in student enrollment. The teacher has a certificate which would legally allow him to teach in a position presently held by a probationary teacher. The tenured teacher has never taught in that field and the certificate was granted twenty years ago. The probationary teacher is doing an outstanding job in the position. Must the local board of education place the probationary teacher on involuntary leave in order for the tenured teacher to have a job?
We limit this opinion to the hypothetical facts presented above, and, specifically, we do not deal with whether a teacher with a temporary teaching certificate is "qualified" for purposes of Section 168.124(1), RSMo 1978.[1] We assume that the tenured teacher in the hypothetical is physically, mentally, and otherwise capable of holding the probationary teacher's job.
Section 168.124 is a provision of the Teacher Tenure Act (hereinafter sometimes referred to as the "Act"), Sections 168.102
to 168.130, which became effective July 1, 1970. The purpose of the Act has been variously stated. Hirbe v. Hazelwood School District, 532 S.W.2d 848, 850 (Mo.App. 1976) declared: "One of the purposes of a teacher tenure law is to protect competent and qualified teachers in the security of their positions." (Emphasis added.) Stewart v. Board of Education of Ritenour Consolidated School District R-3, 574 S.W.2d 471, 473 (Mo.App. 1979), on appeal after remand, 630 S.W.2d 130 (Mo.App. 1982) stated: "A purpose of the Act is to obtain stability and permanence of employment of teachers after successful completion of a probationary period." (Emphasis added.) In Lopez v. Vance, 509 S.W.2d 197,202 (Mo.App. 1974), the court stated:
 We believe the purpose of our statute, as well as teacher tenure acts, was to attain stability, certainty and permanence of employment on the part of those who have shown by educational attainment and by a probationary period their fitness for the important profession of teaching. [Emphasis added.]
The judiciary has also indicated that Section 168.124, RSMo 1969 (now, RSMo 1978), evidences a preference for retaining permanent teachers over probationary teachers in making furloughing decisions. Frimel v. Humphrey, 555 S.W.2d 350, 353 (Mo.App. 1977).
The primary rule of statutory construction is to ascertain the intent of the lawmakers and to give effect to that intent if possible. State v. Kraus, 530 S.W.2d 684, 685 (Mo. banc 1975). By construing Section 168.124 with (1) the Act's purpose of providing job security to permanent teachers and (2) the preference for retaining permanent teachers over probationary teachers in making furloughing decisions, evidenced by Section 168.124, we are led to the conclusion that the word "qualified", as used in Section168.124(1), refers to teaching positions that permanent teachers are certified to teach and are otherwise capable of holding. See Opinion Letter No. 165, Bild, 1979 (concluding that the term "field of specialization" in Section 168.124(2) refers to those courses teachers are certified to teach), copy enclosed. Accordingly, under the hypothetical facts presented, the local school board must place the probationary teacher on involuntary leave in favor of retaining the permanent teacher who is qualified to teach the subject area, irrespective of the permanent teacher's experience in the subject area or relative ability to teach in that subject area, as defined by evaluation.
CONCLUSION
It is the opinion of this office that the word "qualified" as used in Section 168.124(1), RSMo 1978, refers to teaching positions that permanent teachers are certified to teach and are otherwise capable of holding.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion Letter No. 165, Bild, 1979
[1] All statutory references are to RSMo 1978, unless otherwise indicated.