Donna M. ROBERT, Plaintiff–
Respondent,

v.

KELSO C–7 MISSOURI PUBLIC SCHOOL DISTRICT, Kelso C–7 Board of Education, Dorothy Dirnberger, Charles Swartz, Norman Heuring, Ron Reinagel, Frank Essner, Charles Goodale, and Linda Yarbro, Defendants–Appellants.

No. 20915.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 6, 1996.

Motion for Rehearing or Transfer
Denied Dec. 30, 1996.

Application to Transfer
Denied March 25, 1997.

Gerard T. Noce, Thomas M. Buckley, Evans & Dixon, St. Louis, for defendants-appellants.

Kenneth C. McManaman, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, for plaintiff-respondent.

SHRUM, Judge.

This case involves the Teacher Tenure Act, §§ 168.102–.130, RSMo 1994[1] (the Act). The trial court entered a summary judgment in which it declared that Plaintiff "was a tenured teacher at the time her contract was not renewed by ... Kelso C–7 School District."[2] Defendants appeal. We affirm.

The essential facts follow. Plaintiff first contracted to teach for Kelso on October 11, 1988. By that contract she agreed to teach for the last eight months of the 1988–89 school year, beginning September 28, 1988. We glean from the record that Plaintiff taught part-time on a daily basis for those eight months. After Plaintiff completed the 1988–89 contract, Kelso hired her as a full-time probationary teacher for the year 1989–90. After that, Kelso extended and Plaintiff accepted a series of similar one-year probationary contracts covering the years 1990–91, 1991–92, 1992–93, and 1993–94.

During the 1993–94 school year, specifically on April 13, 1994, Kelso informed Plaintiff in writing that it had decided not to reemploy her for the 1994–95 school year.

■ The broad issue is this: when, under the Act, does a teacher with part-time service achieve tenure, i.e., does such a teacher become tenured at the *moment* he or she has taught at a district for five years, or does that teacher remain in a probationary status until the conclusion of the school year during which the five-year mark is reached? As it relates to this case specifically, the issue is whether Plaintiff's part-time teaching at Kelso during the last eight months of the 1988–89 school year compels the conclusion as a

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. When referring only to Kelso C–7 Missouri Public School District, we use the name "Kelso." We use the term "Defendants" when referring collectively to all named defendants.

3. The amount of time for which Plaintiff accrued credit toward permanent status from her 1988–89 contract is not apparent from the record.

matter of law that Plaintiff became a tenured teacher before April 13, 1994.[3] Plaintiff does not claim to have achieved tenure before the commencement of the 1993–94 school year; her claim of tenured status is based solely upon the question of whether she attained tenured status during the 1993–94 school year.

## STANDARD OF REVIEW

In our *de novo* review of an appeal from a summary judgment we consider whether there is any genuine dispute as to the facts and whether those facts, as admitted, show a legal right to judgment for the movant. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376[11], 380 (Mo. banc 1993).

## DISCUSSION AND DECISION

While more commonly referred to as tenure, the status Plaintiff attempts to assert is that of a "permanent teacher" under the Act. *See* § 168.104(4). In 1990, the definition of "permanent teacher" under the Act was amended to allow part-time teachers to accrue credit toward tenured status on a prorated basis. *See id.* That definition now reads, in pertinent part:

"(4) **'Permanent teacher'**, any teacher who has been employed or who is hereafter employed as a teacher in the same school district for five successive years and who has continued or who thereafter continues to be employed as a teacher by the school district ... except that any teacher employed under a part-time contract by a school district shall accrue credit toward permanent status on a prorated basis."

*Id.* The complementary definition to the status of permanent teacher is "probationary

The record does reveal that Plaintiff was paid $10,898 for her part-time work in 1988–89 and $12,629.50 for her first full-time contract, i.e., 1989–90. In this opinion we need not and do not concern ourselves with a particular method of proration as Defendants do not question the sufficiency of Plaintiff's part-time service but instead argue as a matter of law that she could not have obtained tenure at any time during the 1993–94 school year.

teacher," which we also reproduce in pertinent part:

"(5) 'Probationary teacher', any teacher as herein defined who has been employed in the same school district for five successive years or less."

§ 168.104(5).

Significantly, when the legislature amended the Act at § 168.104 to allow part-time teachers to accrue prorated credit toward tenure, it simultaneously made the following change to the section of the Act which addresses the notification procedure for terminating probationary teachers: "On or before the fifteenth day of April but not before April first in each school year, the board of education shall notify in writing a probationary teacher who will not be retained by the school district of the termination of his employment." § 168.126.2, RSMo 1994; § 168.126.2, RSMo 1986 (strikeout reflects pre–1990 amendment language). In other words, the 1990 amendments removed the fifteen day "window" which had been the only time when the school board could inform probationary teachers that they would not be reemployed for the next school year. As the statute currently stands, a school board may give a probationary teacher such notice at any time before April 16 in each school year. Had the legislature not amended § 168.126 when it amended § 168.104 to allow part-time teachers to accrue prorated credit toward tenure, such an action would have evidenced an intent that part-time teachers could not attain tenured status in the middle of a school year. This would be so since the "window" would prevent a school board from terminating by non-retention a probationary teacher who stood to attain tenure by virtue of prorated part-time credit at some point during the school year prior to the April 1 to April 15 notification window.

However, the legislature is presumed not to enact meaningless provisions. *Wollard v. City of Kansas City*, 831 S.W.2d 200, 203[4] (Mo. banc 1992). When the legislature amends a statute, we presume that it intended the amendment to have some effect. *Id.* at 203[5]. The plain meaning of the amendment to § 168.126 is that a school board may now terminate a probationary teacher by non-retention with written notice at any time during the school year prior to April 15. As far as we can discern, the only possible effect of amending § 168.126 in this manner is to afford school boards the procedural ability to terminate probationary teachers who, by virtue of prorated part-time credit, would have otherwise become permanent teachers during the school year but prior to the old "window." Therefore, to give meaning to the 1990 amendment to § 168.126, we must presume that the legislature intended that its simultaneous amendment to § 168.104(4) could confer permanent teacher status on a teacher in the middle of a school year as a result of prorated credit accrued during part-time service.

In so deciding, we do not ignore certain arguments and authority advanced by Defendants in opposition to this conclusion. Defendants first contend that the very language of § 168.104(4) compels a conclusion that a change in status from probationary to permanent teacher cannot occur mid-year. They call our attention to the language "five successive years" and "has continued or who thereafter continues to be employed." However, this language is not indicative of any such legislative intent, since it is not within the exception allowing part-time teachers to accrue credit toward permanent teacher status; rather, it has application to the simpler scenario of a probationary teacher who has advanced toward permanent status via full-time employment.

Defendants next contend that their statutory interpretation is supported by other language throughout the Act which restricts the modification of both probationary and permanent teacher contracts to an annual basis, except by mutual consent of the parties. *See* §§ 168.106(2); .110; .112; .126(3). However, Defendants fail to explain how these provisions support their interpretation; neither do they explain how they are inconsistent with affording a teacher permanent status mid-year. A change in a teacher's status from probationary to permanent by operation of law does not modify that teacher's existing contract, i.e., it changes neither the term, salary, nor any other contractual rights or obligations of either party.

■ Defendants also put forth an interesting policy argument. They argue that continuity in the classroom throughout the school year has overriding importance, and would be better served by their statutory construction that "the Legislature intended notification not to renew probationary teachers only at the end of a school year." Whether the premise of their argument is valid, i.e., it is desirable that there be teacher continuity during a school year, is for the legislature to consider. The function of the courts is to construe and apply the law, not to make it. *Dees v. Mississippi River Fuel Corp.*, 192 S.W.2d 635, 640[2] (Mo.App.1946). Here, the 1990 amendment to § 168.126 eliminated the language which restricted notification to the end of a school year. Curiously, Defendants concurrently admit that they "had every right" to "notif[y] plaintiff in the first month of the 1993–1994 contract that she would not be renewed the following year." Obviously, Defendants' policy argument that it would be in the best interests of the students to handle the situation at the end of the school year as they did is unavailing in the face of clear statutory language permitting them to do otherwise. If continuity concerned Defendants, they were free to not extend Plaintiff a contract for the 1993–94 school year, before which she was undisputedly still a probationary teacher, rather than wait for the first month of that nine-month school year to terminate her (as they hypothesize).

As Defendants admit, no reported Missouri case has dealt with the identical situation before us. To date, the only case to deal with the 1990 amendment allowing part-time teachers to accrue credit on a prorated basis is *Dial v. Lathrop R–II Sch. Dist.*, 871 S.W.2d 444 (Mo. banc 1994), which Defendants nevertheless claim supports their position that a teacher cannot attain tenure in the middle of a school year. We disagree. In *Dial*, the plaintiff had worked as a part-time teacher for the district for thirteen years at one-half to four-sevenths time at the time of the 1990 amendments to the Act. *Id.* at 448. Following the 1990–91 school year, she brought suit to force her employer to recognize her tenured status. *Id.* at 446. As the court ruled, "she had accrued *over* five years toward permanent status on a prorated

basis and was a permanent teacher entitled to an indefinite contract." *Id.* at 448 (emphasis ours). Clearly, the plaintiff in *Dial* had accrued at least six years toward permanent status at the time she brought suit. The *Dial* court did not address the question of whether a teacher could attain tenure in the middle of a school year because it was unnecessary for it to do so. Thus, *Dial* is distinguishable from this case and does not aid Defendants' position. Neither does it lend any support to Defendants' argument, which we have already addressed above, that construing the Act to allow teachers to attain tenure in the middle of a school year would violate the prohibition which the Missouri Constitution places on laws transforming or modifying existing contracts. *See* Mo. CONST. art. I, § 13.

Finally, we address Defendants' contention that a pair of pre–1990 amendment cases have decided the issue before this court. The cases, *Hirbe v. Hazelwood Sch. Dist.*, 532 S.W.2d 848 (Mo.App.1975), and *Valter v. Orchard Farm Sch. Dist.*, 541 S.W.2d 550 (Mo.1976), both held that employment for part of a school year did not count as a year of employment as a probationary teacher. In both *Hirbe* and *Valter*, the plaintiffs needed the partial year to count as an entire year in order to achieve tenured status. Defendants boldly assert that these holdings were unaffected by either the 1990 amendments to the Act or *Dial*. That assertion is illogical in the face of the 1990 amendments which directly addressed the issue of credit toward tenure for part-time service. The 1990 amendments recognize that part-time service in a certain year does not entitle a teacher to tenure credit for a full year as though the teacher had taught full-time, but should count toward tenure on a prorated basis. The pre–1990 amendment holdings in *Hirbe* and *Valter* do not preclude our construction of the statute as it now stands, that is, allowing teachers to attain permanent status in the middle of the year. The proposition for which *Hirbe* and *Valter* stand, that employment for part of a year does not count as a full year for tenure purposes is still valid, but their holdings have been rendered superflu-

ous by a statute which more specifically addresses the issue of part-time employment.

We find that there is no dispute as to the fact that Plaintiff's part-time employment during the 1988–89 school year would have given her sufficient prorated credit to achieve tenure prior to her April 13, 1994, termination, assuming that as a matter of law, a teacher can attain permanent teacher status in the middle of a school year as a result of prorated credit accrued during part-time service. Since we have decided that question of law in favor of Plaintiff, the facts as admitted show a legal right to judgment in her favor. Therefore, the trial court did not err in entering summary judgment for Plaintiff. Defendants' point is denied.

The judgment declaring that Plaintiff was a tenured teacher at the time her contract was not renewed by Defendants is affirmed.

MONTGOMERY, C.J., and CROW, J., concur.