John LYNN, Plaintiff,

v.

T.I.M.E.–D.C., INC. and Bobby
Thornton, Appellants,

v.

Charles R. McCULLOUGH, Claude
Estes, William Baumann and
Kevin Marquart, Respondents.

No. 50538.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 1, 1986.

Donald L. Schlapprizzi, St. Louis, for plaintiff.

Daniel T. Rabbitt, Robert H. Pedroli, Brown, James & Rabbitt, St. Louis, for appellants.

Michael R. Swafford, Cheryl A. Callis, Kortenhoff & Ely, St. Louis, for respondents.

CRANDALL, Presiding Judge.

Defendants/third-party plaintiffs, T.I.M.E.–D.C., Inc. and Bobby Thornton, appeal from an order of the circuit court granting a motion to dismiss their second amended third-party petition. We reverse and remand.

Plaintiff, John Lynn, an employee of the St. Louis County Department of Highways and Traffic, brought an action for bodily injury against defendants, T.I.M.E.–D.C., Inc., and its employee, Bobby Thornton (hereinafter, collectively referred to as T.I.M.E.). In his pleading, plaintiff alleged that Thornton, in the course of his employment, negligently caused T.I.M.E.'s truck to collide with an elevated boom carriage occupied by plaintiff. Eventually, T.I.M.E. filed a second amended third-party petition against third-party defendants, McCullough, et al. In that petition, T.I.M.E. alleged that, on the date of the accident, third-party defendants were the employees of the St. Louis County Department of Highway and Traffic and the supervisors of John Lynn. T.I.M.E. also alleged that third-party defendants were "working arm in arm" with plaintiff as co-employees of the highway department. T.I.M.E.'s alle-gations of negligence were as follows: they placed plaintiff, John Lynn, in a position of peril; they affirmatively directed traffic in such a manner so as to place plaintiff in a position of peril; they positioned warning cones in such a manner so as to divert traffic to travel within the proximity of plaintiff and place him in a position of peril; they failed to warn plaintiff of on-coming traffic; they failed to take sufficient precautions to direct traffic away from plaintiff; they failed to control traffic within plaintiff's proximity; they failed to act as flagmen so as to direct traffic away from plaintiff; and they failed to use flags, cones, warning signals and/or construction horses which were available to them, so as to prevent plaintiff from being placed in a position of peril.

Third-party defendants filed a motion to dismiss on the basis of official immunity. The trial court sustained that motion. Thereafter, plaintiff, John Lynn, settled his case with T.I.M.E. T.I.M.E. gave third-party defendants an opportunity to contribute to the settlement, but the offer was refused. Plaintiff then dismissed his action against T.I.M.E.; but T.I.M.E., as third-party plaintiffs, reserved their right to pursue their action for contribution against third-party defendants.

In reviewing the dismissal in this case, we accept as true the facts as pleaded and all reasonable inferences arising therefrom. If, viewed in that manner, the allegations invoke substantive principles of law, which if proved may entitle the pleader to relief, the petition should not be dismissed. *Young v. Stensrude,* 664 S.W.2d 263, 265 (Mo.App.1984). Further, it should be emphasized that this case does not involve a motion for summary judgment pursuant to Rule 74.04, but rather a dismissal based solely on the allegations contained in the pleadings. *Id.*

Before addressing T.I.M.E.'s points on appeal, we examine the concept of immunity as it relates to government and to public officials. Sovereign immunity and official immunity are distinct legal con-

cepts. Sovereign immunity protects the government itself, while official immunity protects the individual public official. *Oberkramer v. City of Ellisville,* 650 S.W.2d 286, 294 (Mo.App.1983). Here, our focus is on the question of official immunity.

 It is clear that public officers acting within the scope of their authority are not liable for injuries arising from discretionary acts or omissions, but may be held liable for such acts or omissions while acting in a ministerial capacity. *Rustici v. Weidemeyer,* 673 S.W.2d 762, 768–769 (Mo. banc 1984). A ministerial function is one of a clerical nature which a public officer is required to perform in obedience to a legal mandate, without regard to his own judgment or opinion. *Jackson v. Wilson,* 581 S.W.2d 39, 43 (Mo.App.1979); *see also Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831, 836 (Mo. banc 1985). A discretionary function, in contrast, is one which requires the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued. *Id.* The policy underlying the doctrine of official immunity is the necessity for a vigorous and effective government which can operate free from the fear of suits filed as a result of its actions. *State ex rel. Eli Lilly & Co. v. Gaertner,* 619 S.W.2d 761, 763 (Mo.App.1981). To characterize all official duties as discretionary as opposed to ministerial, however, would expand the official immunity doctrine to virtually all decisions made by public officials or employees and to virtually every act requiring the use of discretion or judgment. *Id.* at 765.

 The discretionary-ministerial tests for official immunity are easily stated but are often difficult to apply. *Oberkramer,* 650 S.W.2d at 295; *Jackson,* 581 S.W.2d at 43. Determination is largely made on a case by case basis.

With this as background, we now consider in reverse order the points raised by T.I.M.E., the third-party plaintiffs in the present action. In Point III, T.I.M.E. questions whether third-party defendants are public officers. To be eligible for official immunity, the threshold requirement is that third-party defendants be public officials. "Whether or not a public employee is a public officer is dependent upon the legal and factual circumstances involved." *Lilly,* 619 S.W.2d at 764.

In the present case we are considering only bare allegations contained in the pleadings without benefit of discovery. In the pleadings, which we must accept as true, the third-party defendants are characterized both as "employees" of St. Louis County Department of Highway and Traffic *and* as "supervisors" of plaintiff. The issue is the status of these third-party defendants. Were they merely *public employees* working "arm in arm" with plaintiff or does their position as supervisors elevate them to the level of *public officials?* The pleadings do not define either status as a matter of law.

Assuming, arguendo, that third-party defendants are public officials, the dismissal is still erroneous because it is impossible to determine whether the third-party defendants were performing ministerial or discretionary functions. This dilemma is highlighted by the third-party plaintiffs' first two points. In their second point, T.I.M.E. asserts error in the trial court's dismissal of their petition because the facts do not, as a matter of law, describe discretionary acts of the third-party defendants. In contrast, T.I.M.E.'s first point avers error in the trial court's ruling because the acts of the third-party defendants are, as a matter of law, ministerial. T.I.M.E. bolsters its position that the acts are ministerial by examining the job responsibilities of the third-party defendants.

 The record, however, is devoid of any evidence to support a finding that the functions performed by third-party defendants were either ministerial or discretionary. The trial court merely had before it a skeletal petition which alleged that third-party defendants performed some tasks negligently and failed altogether to perform other tasks, with the result that plaintiff was put in a position of peril. These

allegations do not, as a matter of law, describe either ministerial or discretionary conduct. *See, e.g., Newson v. City of Kansas City,* 606 S.W.2d 487, 491 (Mo.App. 1980). It is impossible to tell from the pleadings whether third-party defendants negligently performed ministerial duties that were proscribed by rules and regulations or whether they were acting in a discretionary manner designing policies and exercising independent judgment. That is a matter of proof for trial. We therefore hold that the trial court erred in dismissing T.I.M.E.'s petition on the basis of official immunity.

The order of the trial court dismissing third-party plaintiffs' second amended third-party petition is reversed and the cause remanded for trial.

SATZ and PUDLOWSKI, JJ., concur.