Jarrett David SCHULZ, a minor, and Through his Next Friend, Fred D. SCHULZ and Fred D. Schulz, Appellants,

v.

**CITY OF BRENTWOOD and Mary Presson, Respondents.**

No. 51574.

Missouri Court of Appeals, Eastern District, Division One.

March 3, 1987.

Daniel C. Aubuchon, Gary W. Kullmann, St. Louis, for appellants.

John Gerard Enright, St. Louis, for respondents.

KELLY, Judge.

Jarrett David Schulz, a minor, by his next friend, Fred D. Schulz, and Fred D. Schulz individually appeal from the judgment of the trial court sustaining the joint motion of the City of Brentwood, the owner and operator of Brentwood Little School, a preschool and day care center, and its employee Mary Presson, respondents herein, to dismiss appellants' personal injury action against them for failure to state a claim upon which relief can be granted. Respondents had asserted that the doctrines of sovereign and official immunity shielded them from liability. We reverse and remand the judgment of the trial court.

In reviewing the trial court's dismissal of appellants' petition for failure to state a claim upon which relief can be granted, the sole issue to be decided is, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to appellants, whether the averments invoke principles of substantive law entitling appellants to relief. *Lowrey v. Horvath*, 689 S.W.2d 625, 626[1] (Mo. banc 1985). Thus, a pleading will not be adjudged insufficient if the allegations of the petition, accorded a reasonable and fair intendment, state a claim which can call for the invocation of principles of substantive law which may entitle the plaintiff to relief. *Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261, 263[2] (Mo.App.1984).

Count one of appellants' first amended petition contained the following allegations. Seven year old Jarrett David Schulz attended Brentwood Little School, a preschool and day care center owned and operated by the City of Brentwood ("City"). Mary Presson, the agent and employee of the City, had the duty to supervise and provide day care services for the children attending the school. Appellant Jarrett Schulz, for a fee paid to the City, attended the school to receive day care services. On January 28, 1983, while playing unsupervised in the backyard of the school, Jarrett Schulz, was struck across the face with a tree limb causing serious and permanent damage to his head, face, eyes, nose, lips and teeth.

At the time of Jarrett's injury, the premises of the school were in a dangerous condition, littered with debris and broken tree limbs. The City and Mary Presson knew, or should have known, of the dangerous condition in time to remedy it because the debris and tree limbs had been present for at least two weeks prior to the incident. Respondents negligently and carelessly failed to clean up the limbs and debris within a reasonable time, thus exposing Jarrett and other children to an unreasonable risk of harm; failed to warn Jarrett of, or prevent his exposure to, the dangerous condition; and failed to control, supervise and monitor the children on the premises. The City and Mary Presson also negligently and carelessly permitted Jarrett and the other children to play in the dangerous portion of the premises without supervision and control. Further, Jarrett was too young to appreciate the dangerous condition and its attendant risk of harm. Respondents' negligence caused Jarrett's injuries and Jarrett incurred damages as a consequence of his injuries. Count one also included an allegation that respondents had liability insurance coverage.

Count two of appellants' petition incorporated by reference the allegations in count one and further alleged that Jarrett's father Fred D. Schulz had incurred medical and dental bills as a result of his son's injuries for which he sought recovery.

Appellants contend the allegations of their petition sufficiently state a claim upon which relief may be granted to withstand a motion to dismiss upon the grounds of sovereign and official immunity raised by respondents. We agree.

The doctrines of sovereign and official immunity are separate and distinct legal concepts. *Oberkramer v. City of Ellisville*, 650 S.W.2d 286, 294[8] (Mo.App. 1983). Sovereign immunity protects the

government itself while official immunity protects the individual public officials. *Id.* We will discuss each concept's application to appellants' petition in turn.

Appellants' attack on the availability of the defense of sovereign immunity to the City is two-fold: one, the operation of a day care center and preschool is not a governmental function; two, the existence of the dangerous condition alleged is within one of the two stated exceptions for waiving sovereign immunity.

■ In deciding if a municipality can be sued in a particular instance, a court must look to the nature of the activity performed to determine in which capacity the city has acted. *Oberkramer v. City of Ellisville,* 650 S.W.2d 286, 295[8] (Mo.App. 1983). A municipality may be held liable for torts arising out of a performance of proprietary functions but no recovery is allowed for injuries which result from the performance of governmental functions. *Id.* A governmental duty is one which is performed for the common good of all; a duty will be deemed proprietary if it is performed for the special benefit or profit of the municipality as a corporate entity. *Id.*

■ Keeping in mind these general principles and the broad standard of review determining the sufficiency of a petition, we hold the allegations that the city owned and operated the preschool and day care center for a fee sufficiently set forth a proprietary, and not a governmental, function for which the municipality may be liable.

■ Under the guidance of *Oberkramer,* appellants clearly would have set forth facts that the City was engaged in a proprietary function if they had alleged the City operated the day care center for profit. Appellants' argument stating their petition made this allegation is maladroit. What they actually alleged, as previously mentioned, was that the City owned and operated a day care center and preschool which appellant Jarrett attended "for and in consideration of a fee paid." The allegations do not detail the nature of the fee

charged, i.e., whether it was nominal, variable (depending on the nature of the service provided or on the family's economic means or residency) subsidized, full cost, or revenue-raising. However, given its broadest meaning, "fee paid" carries with it the implication of a pecuniary benefit. Therefore, we conclude the allegations sufficiently alleged a proprietary function to withstand a motion to dismiss for failure to state a claim based on the doctrine of sovereign immunity.

■ We are not persuaded by respondents' argument that the City's operation of the preschool performed a governmental function in providing both a preschool for the children of its community and also a place for working parents to leave their children during office hours. These two goals are certainly laudable and, conceivably, serve a valid municipal purpose in promoting public health and welfare. However, the allegation that these services were provided to those who paid a fee implies the City's duty was not performed for the common good of all in accordance with a governmental duty, as in the normal operation of the public school system. If only those persons who paid a fee were entitled to attend the day care center, the City should not escape responsibility for the careful performance of a duty which is substantially one of a proprietary nature even though the duty may in some general way also relate to a function of the government or although it may inure incidentally to the advantage of the public. *Dallas v. City of St. Louis,* 338 S.W.2d 39, 44[6] (Mo.1960); *Davis v. City of St. Louis,* 612 S.W.2d 812, 814[7] (Mo.App.1981).

Our conclusion that the allegations sufficiently aver that the City was not entitled to claim sovereign immunity because it was acting in a proprietary capacity in the operation of the preschool and day care center renders unnecessary our determination whether the petition sufficiently alleged the existence of a dangerous condition to fall within one of the two statutory exception precluding sovereign immunity under § 537.600 RSMo 1986. We summarily observe that the petition did satisfactorily

plead a dangerous condition by a defect in the physical condition of the premises to withstand a motion to dismiss based on an exception to the sovereign immunity doctrine's application.

The final issue appellants raise is the propriety of the dismissal of their action against respondent Mary Presson on the grounds of official immunity. The gravamen of appellants' action against Mary Presson is that she negligently supervised Jarrett and the other children at the preschool and day care center, and that, by breaching her duty to supervise, her negligence proximately caused Jarrett's injuries. The issue before us is whether Mary Presson is protected from suit by official immunity.

 It is well established that public officials acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity. *Kanagawa v. State ex rel. Freeman,* 685 S.W.2d 831, 835[6] (Mo. banc 1985). Whether an act can be characterized as discretionary depends upon the degree of reason and judgment required. *Id.* at 836[7]. It has been said that a discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued. *Id.* Discretion relates not so much to the exercise of naked and unrestrained power as to the exercise of judgment. *Id.*

 A ministerial function, in contrast, is one of a clerical nature upon which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act performed. *Id.* As this court has succinctly stated, "[u]nder the official immunity test, one must determine whether a particular act is discretionary, i.e., requiring the official to exercise his judgment as part of a decision-making process, or ministerial, i.e., required to be performed without the exercise of judgment." *Oberkram-*

*er,* 650 S.W.2d at 295. Whether a public official's acts are discretionary or ministerial must be determined by the facts of each particular case after weighing such factors as the nature of the official's duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment, and the likely consequences of withholding immunity. *Kanagawa,* 685 S.W.2d at 836[8].

 To be eligible for official immunity, the threshold requirement is that the defendant be a public official. *Lynn v. T.I.M.E.-D.C., Inc.,* 710 S.W.2d 359, 361[5] (Mo.App.1986). As in *Lynn,* we have before us only the bare allegations contained in the pleadings without benefit of discovery. In the pleadings, which we must accept as true, Mary Presson is alleged to be an "agent and employee" of the City "whose duties consisted of supervising the children and providing day care services." The issue is her status. Whether she was acting merely as a public employee providing child care services or in a supervisory capacity, thus elevating her position to the level of a public official, is unclear from the face of the pleadings. The pleadings do not define her role and we cannot characterize her as a public official as a matter of law because of this patent ambiguity. Consequently, we hold that the trial court erred in dismissing appellants' petition against Mary Presson on the basis of official immunity. *Accord Lynn,* 710 S.W.2d at 361–62[6]. The judgment of the trial court dismissing appellants' petition against respondents is reversed and the cause remanded for further proceedings in accordance with this opinion.

SATZ, P.J., and CRIST, J., concur.