**Rory D. NITCHER, Appellant,**

v.

**George THOMPSON, et al., Respondent.**

**No. WD 40537.**

Missouri Court of Appeals,
Western District.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application for Transfer Sustained
June 13, 1989.

Case Retransferred Oct. 5, 1989.

Court of Appeals Opinion Readopted
Oct. 6, 1989.

Rory D. Nitcher, Jefferson City, pro se.

William L. Webster, Atty. Gen., Donna Richards–Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., TURNAGE, J., and COVINGTON, Special Judge.

PER CURIAM.

Rory D. Nitcher, an inmate at the Missouri State Penitentiary, was granted leave to proceed *in forma pauperis*, pursuant to § 514.040, RSMo 1986, in his civil action against three penitentiary employees. His petition alleged the employees were obligated under institutional policies to secure and protect items of personal property taken from his possession when he was transferred to a different housing unit. He further alleged that, as a result of their actions and inactions, most of the property was lost or stolen and he had suffered damages in the amount of $232.43. In addition to compensatory damages, the petition also sought $500 in punitive damages from each defendant. After surviving two motions to dismiss, the petition was dismissed on the court's own motion after the pretrial conference and leave to proceed in forma pauperis was withdrawn based on the court's determination that the petition was frivolous or malicious in that, as pleaded, Nitcher could prove no set of facts entitling him to relief. Nitcher now appeals, contesting the court's adverse ruling. The respondent employee's brief proposes the dismissal be affirmed on the basis of their enjoying official immunity.

The claim in question arose from the following circumstances. Nitcher was moved from one housing unit to another and he was not allowed to take any of his belongings with him. He requested prison authorities take possession of his things. A month later some things were returned to him and the property remaining in the custody of the prison officials was inventoried. Nitcher received a copy of the inventory and upon realizing that several articles of clothing and personal hygiene items were missing, he filed his suit for damages.

Section 514.040, RSMo 1986, provides a means whereby an indigent plaintiff may file a civil action without paying court fees and costs. As noted in *State ex rel. Coats v. Lewis*, 689 S.W.2d 800, 804–806 (Mo.App.

1985), eligibility to proceed under the statute turns on a two-step inquiry. If, after the first stage of the inquiry, the court is convinced of the plaintiff's indigence, the court then examines the petition. The petition is subject to summary dismissal if it is patently and irreparably frivolous or malicious on its face so that, as pleaded, the plaintiff could prove no set of facts entitling him to relief. *Coats, supra*, at 806. In determining whether a pro se petition states a cause of action, the petition must be viewed favorably to the pleader, given the benefit of every reasonable intendment and indulged with liberality. *Tyler v. Harper*, 670 S.W.2d 14, 15 (Mo.App.1984), *cert. denied* 469 U.S. 983, 105 S.Ct. 390, 83 L.Ed.2d 324 (1984).

In reviewing the trial court's dismissal of a petition for failure to state a claim upon which relief can be granted, the sole issue to be decided is, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to appellants, whether the averments invoke principles of substantive law entitling appellants to relief. *Lowrey v. Horvath*, 689 S.W.2d 625, 626 (Mo. banc 1985); *Schulz v. City of Brentwood*, 725 S.W.2d 157, 159 (Mo.App.1987). If, when so viewed, the allegations of the petition state a claim which can call for the invocation of principles of substantive law which may entitle the plaintiff to relief, the petition is sufficient to overcome a motion for dismissal. *Schulz, supra*, at 159.

■ Giving the pro se petition every favorable intendment, it sounds in negligence. The respondents declare, "the doctrine of official immunity would clearly bar appellant's suit ..." Public officials acting within the scope of their authority are protected by the doctrine of official immunity from liability for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity. *Kanagawa v. State ex rel. Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985).

■ Section 217.200, RSMo 1986, in mandatory language covers the present suit:

1. The chief administrative officer of each institution, or his designee, shall take charge of all money and other articles of value which may be brought to an institution by any inmate or come into his possession in a manner consistent with law or with regulations of the division or institution.

2. Such money or articles shall be returned to the inmate legally entitled to them when he is discharged or demands them for purposes consistent with law and regulations, except for any money confiscated as contraband pursuant to section 217.365.

3. The chief administrative officer shall keep records of receipts and disbursements for such money and articles.

A discretionary act is one that involves exercise of reason in the adoption of means to an end and discretion in determining how or whether an act should be done or course pursued. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo. banc 1984). Section 217.200 makes mandatory the taking charge of the property claimed as missing, and the return of it to the appellant. The acts called for here are ministerial so official immunity does not bar this suit. In response to requests for admission it was admitted the defendants picked up the property and, "had a duty to secure Rory Nitcher's property."

█ If not an action in negligence, this suit and the statute would speak of a bailment.

The term "bailment" in its ordinary legal sense signifies a contract resulting from the delivery of a thing by the bailor to the bailee on condition that it be restored to the bailor in accordance with his directions as soon as the purpose for which it was bailed are satisfied.

*West County Internal Medicine, Inc. v. Domian Standard Service, Inc.*, 725 S.W.2d 116, 118 (Mo.App.1987).

From the language of the statute it is unreasonable to construe the legislature did not mean to supply recourse consisting of return of the property or its value to an inmate who suffered the loss, who at the time of suit was entitled to have possession of the property. *See Balkcom v. Heptinstall*, 152 Ga.App. 539, 263 S.E.2d 275, 277 (1980); *Guthrie v. Evans*, 93 F.R.D. 390, 396, note 6, (S.D.Ga.1981).

Dismissal on the basis of official immunity was improper. On remand it is suggested the court's attention be brought to the lack of allegations in the petition which would entitle the plaintiff to punitive damages. Also suggested is examination of and a ruling on a departmental regulation mentioned in the defendant's brief which would limit any inmate's recovery to $50. Further, attention should be paid as to whether § 217.200 creates a private cause of action against corrections officers, or is only applicable to an administrative officer or creates an action merely against the state.

The judgment of dismissal is reversed and the cause is remanded to proceed with the case.