**Kameia TYLER, By and Through her natural mother and next friend, Sherilyn TYLER, Appellant,**

v.

**HOUSING AUTHORITY OF KANSAS CITY, Missouri, Respondent.**

**No. WD 41695.**

Missouri Court of Appeals,
Western District.

Oct. 10, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied
Jan. 10, 1990.

John Wray Kurtz, Kansas City, for appellant.

Stephen Girard Mirakian, Kansas City, for respondent.

Before NUGENT, C.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Kameia Tyler, by and through her natural mother and next friend, Sherilyn Tyler, sued respondent, Housing Authority of Kansas City, Missouri (Housing Authority). Appellant alleged the Housing Authority was negligent by failing to fulfill certain alleged legal responsibilities in regard to the home where appellant resided.

The Housing Authority filed a Motion to Dismiss or for Summary Judgment pursuant to which appellant's case was dismissed with prejudice for failure to state a cause of action. Appellant appeals the dismissal of her petition.

Appellant alleged in her petition that she suffered burns to her abdomen when she came in contact with a heat grate on the floor of the home in which she was residing. The home in question was owned by a Mr. and Mrs. White but was enrolled in the Section 8 "Existing Housing Program" administered by the Housing Authority. Under the Section 8 Existing Housing Program the Housing Authority makes monthly payments to the owner of the property to assist in the rental payments of low income persons.

Appellant alleged that the Housing Authority's legal responsibilities relevant to the case at bar were established as follows:

a. Section 882.109 of the Section 8 existing regulations, all as published in the Federal Register, Volume 43, No. 251, Friday, December 29, 1978, requires that, "the dwelling unit shall contain safe heating ... facilities...." Also, "The unit shall be structurally sound so as not to pose any threat to the health and safety of the occupants...."

b. H.U.D. "Public Housing Agency Administrative Practices Handbook for the Section 8 Existing Housing Program, 7420.7" further provides that, "The unit must contain a safe heating system which is in proper operating condition...." Pursuant to such regulations, agencies such as defendant Housing Authority of Kansas City, Missouri, "... must be satisfied that it (the heating system) is free of hazardous conditions."

c. H.U.D. "Housing Inspection Manual" also demands inspections to discover "unsafe heating conditions." Reference is made to the housing authority's responsibility to inspect the heating system.

d. The City of Kansas City Ordinance No. 59593 further specifically re-

quires the maintenance of heating equipment "free from fire, health and accident hazards."

Appellant alleged that the Housing Authority was careless and negligent in the following respects:

a. Failure to provide a safe heating system which would not burn human flesh.

b. Failure to prevent the existing heating system from burning human flesh, by guarding it or otherwise.

c. Failure to warn the occupants of the danger that human flesh would be burned upon contact with such heating system.

d. Failure to inspect the said heating system so as to be aware of the danger involved and so as to take precautionary measures or replace the heating system or warn plaintiff and her family of the dangers.

Appellant argues in her appeal that the Housing Authority was not shielded from tort liability by the doctrine of sovereign immunity. Appellant argues that as alleged in her petition, the Housing Authority had control over the property in question and exercised proprietary functions as to the property. Appellant argues that she has plead an exception to the doctrine of sovereign immunity.

In reviewing the dismissal of appellant's petition the pleadings must be given their broadest intendment, accepting as true the facts as pleaded with all reasonable inferences arising therefrom. *Young v. Stensrude,* 664 S.W.2d 263, 264 (Mo.App.1984). If, viewed in this light, the allegations invoke substantive principles of law, which if proved may entitle the pleader to relief, the petition is not to be dismissed. *Id.* at 263–64.

The doctrine of sovereign immunity generally precludes a litigant from asserting what might otherwise be a meritorious cause of action against a sovereign or a party with sovereign attributes unless the sovereign consents to the suit. Black's Law Dictionary 1252 (5th ed.1979). Mis-

souri's codification of the doctrine of sovereign immunity is § 537.600.[1] Section 537.-600.1(2) recognizes as an exception to sovereign immunity injuries caused by a dangerous condition in a public entity's property.

Public Housing Authorities in Missouri are Statutory Municipal Corporations under § 99.040, and insofar as a Housing Authority establishes, maintains and operates a Housing Project, it exercises only governmental functions which are subject to governmental immunity. *State ex rel. St. Louis Housing Authority v. Gaertner,* 695 S.W.2d 460, 462 (Mo. banc 1985).

Nonetheless, appellant argues that the injuries giving rise to her cause of action were caused by the condition of the Housing Authority's property and are, therefore, within the exception to governmental immunity as established by § 537.600.1(2). Appellant argues that the term "property" should include the interest the Housing Authority had in the house at issue.

Statutory provisions that waive sovereign immunity must be strictly construed. *Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831, 834 (Mo. banc 1985). In *Kanagawa,* the plaintiff alleged negligence by the State and certain state officials in failing to implement and secure procedures to secure prisoners and prevent escapes, that is negligence in supervision, control and inspection of prisons. The Missouri Supreme Court held that the pleading failed to satisfy the statutory prerequisite for establishing an exception to governmental immunity under § 537.600.1(2). The court stated that the term "dangerous conditions" as used in the statutory exception for sovereign immunity refers only to a defect in the physical condition of public property. *Kanagawa,* 685 S.W.2d at 835.

Similarly, in the case of *Twente v. Ellis Fischel State Cancer Hospital,* 665 S.W.2d 2 (Mo.App.1983), the plaintiff's petition was dismissed as being barred by the doctrine of sovereign immunity. In *Twente* the plaintiff was raped in the parking lot of a state hospital. The plaintiff argued that the failure by the hospital to properly su-

---

1. All statutory references are to RSMO 1986 unless otherwise specifically stated.

pervise, control and safeguard the parking lot created a "dangerous condition" of the state's property. The court held that the term "dangerous condition", as used in the statute waiving sovereign immunity for injuries caused by the condition of a public entity's property, is a term with a very narrow and limited meaning, with its application limited to describe, define, explain, denote or reference only and exclusively the physical defects in, upon or attending to property of a public entity. *Id.* at 12.

■ The property in question in the case at bar was owned by a Mr. and Mrs. White. It was not public property and the only negligence alleged against the housing authority was in its failure to supervise, control and inspect the property of the Whites' enrolled in the Section 8 Existing Housing Program. As held in the cases of *Kanagawa* and *Twente*, appellant's cause of action against the Housing Authority, a governmental entity, for failure to supervise, control and inspect is barred by governmental immunity.

The judgment of the trial court is affirmed.

All concur.