Martha WOLLARD and Elwood
H. Wollard, Appellants–
Respondents,

v.

The CITY OF KANSAS CITY, Missouri,
Respondent–Appellant,

Martha WOLLARD and Elwood
H. Wollard, Respondents,

v.

The CITY OF KANSAS CITY,
Missouri, Appellant.

No. 74257.

Supreme Court of Missouri,
En Banc.

April 21, 1992.

Rehearing Denied July 21, 1992.

Richard E. Rice, Kansas City, for appellant.

Richard N. Ward, Jeffrey L. Hess, Patricia R. Jensen, Kansas City, for respondent.

James J. Wilson, City Counselor, Helen D. Haskins, St. Louis, Dennis Budd, Asst. City Counselor, Springfield, for amici City of St. Louis and City of Springfield.

Robert O. Jester, Daniel N. Allmayer, Kansas City, for amici Mid–Am. Regional Counsel and 24 Cities and Counties.

COVINGTON, Justice.

Plaintiffs Martha Wollard and her husband, Elwood Wollard, appeal a judgment in which the trial court applied the damage limitation contained in § 537.610.2, RSMo 1986, to the verdict returned by the jury, thereby reducing Mrs. Wollard's recovery to $100,000. The Missouri Court of Appeals, Western District, affirmed. This

Court granted transfer to consider whether § 537.610.2 applies to verdicts rendered against municipal corporations sued for torts arising out of their proprietary functions. Affirmed.

Mrs. Wollard slipped and fell on property owned by the City of Kansas City as she stepped from a public street up to a city sidewalk. Apparently Mrs. Wollard slipped on mud left on the sidewalk by employees of the city's water department as a result of excavation conducted for the purpose of making repairs to the water system. Mrs. Wollard sued to recover damages for her personal injuries. Mr. Wollard sued for loss of consortium. The jury returned verdicts of $800,000 and $108,333 in favor of Martha Wollard and Elwood Wollard, respectively. The jury found Mrs. Wollard to be thirty-three percent at fault and the verdict was reduced accordingly.

After trial, the court limited Mrs. Wollard's damages to $100,000 pursuant to § 537.610.2, which provides that "the liability of the state and its public entities on claims within the scope of §§ 537.600 to 537.650, ... shall not exceed $100,000 for any one person in a single accident or occurrence...."

Mrs. Wollard appealed, alleging that her claim was not within the scope of § 537.-600, RSMo 1986, thus was not subject to reduction under § 537.610.2. Kansas City cross-appealed to assert alternative contentions of error, evidentiary and otherwise, should the jury award be reinstated on appeal.

Although the immediate issue is whether the $100,000 liability limitation in § 537.-610.2 applies to Mrs. Wollard's claim, resolution of the case turns upon interpretation of § 537.600, RSMo 1986, which in relevant part provides:

1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, ... shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

. . . .

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.... (Enacted 1978; Reenacted 1985, *see* 1978 Mo.Laws 982; 1985 Mo.Laws 633).

2. The express waiver of sovereign immunity in the instances specified in subdivisions (1) and (2) of subsection 1 of this section are absolute waivers of sovereign immunity in all cases within such situations whether or not the public entity was functioning in a governmental or proprietary capacity.... (Enacted 1985, *see* 1985 Mo.Laws 633).

The parties do not dispute that the Wollards' claim of negligence is of the type contemplated in § 537.600.1(2). There is no dispute that the City of Kansas City, a municipal corporation, is a "public entity" within the meaning of §§ 537.600 and 537.-610. *See e.g., Donahue v. City of St. Louis*, 758 S.W.2d 50, 53 (Mo. banc 1988). The parties also agree that the municipal corporation's activity was undertaken in a proprietary capacity. *See, e.g., Lamar v. City of St. Louis*, 746 S.W.2d 160, 162 (Mo.App.1988), *overruled on other grounds by Wilkes v. Missouri Highway Comm'n*, 762 S.W.2d 27 (Mo. banc 1988); *State ex rel. Wartick v. Teel*, 737 S.W.2d 258, 260 (Mo.App.1987). Finally, there is no dispute that the legislature has authority to regulate all suits against municipal corporations under § 537.600. The focus of disagreement is § 537.600.2, upon which the City's argument rests in substantial

part, and which the Wollards contend is without application in this case.

To address the issue, as well as to place in context the essential contentions of both the Wollards and the City, it is first necessary briefly to recapitulate the course of the doctrine of sovereign immunity in Missouri. The state and its political subdivisions were immune from suit for tort under the common law doctrine of sovereign immunity. *Wood v. County of Jackson*, 463 S.W.2d 834, 835 (Mo.1971). A municipal corporation, distinct from the state and its political subdivisions, was deemed to exercise proprietary as well as governmental functions, and so was immune only when functioning in a governmental capacity. *Cullor v. Jackson Township*, 249 S.W.2d 393, 395 (Mo.1952). In *Jones v. State Highway Comm'n*, 557 S.W.2d 225 (Mo. banc 1977), this Court abrogated the doctrine of sovereign immunity prospectively as to all claims arising on or after August 15, 1978. *Id.* at 231.

The legislature responded to *Jones* by enacting in 1978 §§ 537.600 and 537.610, which reestablished the doctrine of sovereign immunity as it existed prior to *Jones* with two exceptions: immunity was expressly waived as to liability for injury from the negligent operation of motor vehicles and from the dangerous condition of property. Section 537.600.1(1), (2). *See Donahue v. City of St. Louis*, 758 S.W.2d at 51.

This Court interpreted the express exceptions of § 537.600.1(1) and (2) in 1983 in *Bartley v. Special School Dist. of St. Louis County*, 649 S.W.2d 864 (Mo. banc 1983). The *Bartley* Court concluded that the express waivers depended upon the acquisition of insurance and also concluded that the statute preserved the governmental/proprietary distinction. *Id.* at 868–70.

Again in response to an opinion of this Court, *Bartley*, the legislature acted; it amended § 537.600, effective September 28, 1985, by adding subsection 2:

The express waiver of sovereign immunity in the instances specified in subdivisions (1) and (2) of subsection (1) of this section are absolute waivers of sovereign immunity in all cases within such situations whether or not the public entity was functioning in a governmental or proprietary capacity and whether or not the public entity is covered by a liability insurance for tort.

In 1991 this Court observed that the 1985 amendment "broadened the waiver of sovereign immunity provisions and allowed such waiver whether or not the public entity was functioning in a governmental or proprietary capacity and whether or not the public entity was covered by liability insurance." *Oldaker v. Peters*, 817 S.W.2d 245, 249 (Mo. banc 1991).

■ The question now presented squarely to the Court is whether, in view of the 1985 amendment, suits against municipal corporations acting in their proprietary capacity, for torts arising from the dangerous condition of the municipality's property, fall within the scope of § 537.600.1(2).

The Wollards contend that §§ 537.600 and 537.610 are without application to their case. They argue that § 537.600 reestablishes immunity as it existed pre-*Jones*, then waives that reestablished immunity in the two specified instances. The exceptions apply only when, at common law, the defendant would have been immune. If the defendant was not immune to suit prior to *Jones*, then the express waivers contained in § 537.600 would not apply. The Wollards contend that the reinstatement of the common law prior to *Jones* requires that a court apply as a threshold matter the common law governmental/proprietary test. Only after it is determined that the matter involves an immune governmental function, they argue, would the express waivers contained in § 537.600.1(1) and (2) apply.

In response, the City argues that § 537.-600 reinstates sovereign immunity except in cases involving motor vehicles or dangerous property as expressed in § 537.600.1(1) and (2). In those cases the common law governmental/proprietary distinction is vitiated. All torts caused by either the dangerous condition of the public entity's property or the negligent operation of a motor vehicle by the public entity's employee are

within the scope of the statute. The common law governmental/proprietary test retains vitality only in suits against municipal corporations that do not involve the express waivers contained in § 537.600.

This Court agrees with the City of Kansas City's argument. The Wollards' arguments ignore the words and effect of both the 1978 reinstatement of sovereign tort immunity and the 1985 amendment.

In construing a statute, the words used in the statute are to be considered in their plain and ordinary meaning in order to ascertain the intent of the lawmakers. *State ex rel. Metropolitan St. Louis Sewer District v. Sanders*, 807 S.W.2d 87, 88 (Mo. banc 1991). "It is the responsibility of the Court 'to ascertain and effectuate the intent of the General Assembly and in so doing [the Court should] look first to the language of the statute and the plain and ordinary meaning of the words employed.'" *Id. (quoting Alexander v. State*, 756 S.W.2d 539, 541 (Mo. banc 1988)). The provisions of a legislative act must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning. *City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441, 446 (Mo. banc 1980). The legislature is presumed not to enact meaningless provisions. *Id.* When the legislature amends a statute, it is presumed to have intended the amendment to have some effect. *See State ex rel. Registration for the Healing Arts v. Southworth*, 704 S.W.2d 219, 224–25 (Mo. banc 1986).

The plain meaning of the 1978 statute is simply that sovereign immunity as it existed at common law prior to *Jones* was reinstated except in two areas: the operation of motor vehicles and the dangerous condition of property. Section 537.600.1(1) and (2); *See Donahue v. City of St. Louis*, 758 S.W.2d at 51.

The intention of the legislature to remove these two categories of torts from common law immunity and to provide a uniform statutory cause of action was further revealed by the enactment of § 537.-600.2 in 1985. That subsection provides

that the express waivers contained in § 537.600.1(1) and (2) "are absolute waivers of sovereign immunity in *all* cases within such situations...." Section 537.600.2 (emphasis added). The plain meaning of the statutory language manifests the legislative intent to bring all suits against public entities for the negligent operation of a motor vehicle or for the dangerous condition of the entity's property within the scope of § 537.600.

To read § 537.600.2 other than in its plain meaning is not only contrary to maxims of statutory construction, but also renders meaningless the portion of the 1985 amendment that provides that the express waivers contained in § 537.600.1(1) and (2) are absolute waivers "whether or not the public entity was functioning in a governmental or proprietary capacity...." Section 537.600.2. In order to give meaning to subsection 2, it must be presumed that the legislature intended to include torts involving public entities acting in a proprietary capacity within the scope of the express waivers found in § 537.600.1. Such a presumption is sound. Courts historically have recognized that municipal corporations, as distinguished from other governmental entities, exercise both proprietary and governmental functions. *See McConnell v. St. Louis County*, 655 S.W.2d 654, 656 (Mo.App.1983); *Dallas v. City of St. Louis*, 338 S.W.2d 39, 40–41 (Mo.1960). The only public entity subject to the governmental/proprietary distinction at the time of the enactment of § 537.600.2 was the municipal corporation. *See State ex rel. Missouri Dept. of Agriculture v. McHenry*, 687 S.W.2d 178, 181–82 (Mo. banc 1985); *State ex rel. New Liberty v. Pratt*, 687 S.W.2d 184, 186 (Mo. banc 1985); *McConnell v. St. Louis County*, 655 S.W.2d at 656. This Court acknowledged that the legislature made clear its intention to apply the governmental/proprietary distinction only to municipal corporations and to no other public entity in *State ex rel. Trimble v. Ryan*, 745 S.W.2d 672, 674 (Mo. banc 1988). Since municipal corporations are the only public entities the legislature intended to subject to the governmen-

tal/proprietary distinction, logic dictates that the legislature must have intended to include torts arising from a municipal corporation's proprietary functions within the scope of (1) and (2).

In addition to the plain meaning of § 537.600.2 and the presumption that the enactment was not made without purpose, the context within which subsection 2 was enacted is central to the analysis in this case. Section 537.600.2 was a legislative response to this Court's opinion in *Bartley.* *See Oldaker v. Peters,* 817 S.W.2d at 249. In *Bartley* the Court decided that "in order to recover under a statutory exception, plaintiffs must do so under a construction that is not inconsistent with two propositions: First, that the express waivers of § 537.600 depend upon the acquisition of insurance; second, that the statute preserves the governmental/proprietary distinction." *Bartley,* 649 S.W.2d at 868. The legislature concluded that this Court erred on both propositions and enacted the 1985 amendment to clarify that the exceptions contained in § 537.600 operated as waivers of immunity, regardless of the procurement of insurance and regardless of the capacity in which the entity operated. *See Oldaker,* 817 S.W.2d at 249. This Court implicitly acknowledged as much in *Donahue* in commenting that the 1985 amendment was an affirmative act of the legislature abolishing the distinction between governmental and proprietary acts as a test of governmental liability in the context of § 537.600.1(2). *Donahue v. City of St. Louis,* 758 S.W.2d at 52.

The Wollards argue that § 537.600 reestablishes immunity as it existed prior to *Jones,* and that the purpose of the two exceptions contained in § 537.600 is to waive immunity in the instances specified when, before *Jones,* such immunity would have been recognized.[1] As a result, the common law governmental/proprietary test must be applied as a threshold test before determining whether immunity is waived by § 537.600. In support the Wollards principally rely upon: *State ex rel. Trimble v. Ryan,* 745 S.W.2d 672 (Mo. banc 1988); *Tyler v. Housing Authority of Kansas City,* 781 S.W.2d 110 (Mo.App.1989); *Harris v. City of Kansas City,* 759 S.W.2d 236 (Mo.App.1988); *Larabee v. City of Kansas City,* 697 S.W.2d 177 (Mo.App.1985); *State ex rel. Wartick v. Teel,* 737 S.W.2d 258 (Mo.App.1987); and *Schultz v. City of Brentwood,* 725 S.W.2d 157 (Mo.App.1987).

Each of the cases upon which the Wollards rely is distinguishable. In *Trimble* this Court held that a suit in tort against Bi-State, a multistate compact agency, was subject to the damage limitation in § 537.-610.2. The Court found that Bi-State was not a municipality and, thus, not subject to the common law governmental/proprietary distinction. *Trimble,* 745 S.W.2d at 674. The Court concluded that Bi-State was a political subdivision of the state and could be sued under the express waiver of immunity contained in § 537.600.1(1). *Id.* at 675. *Trimble* indicates that if the defendant was not immune at common law, then the express waivers contained in § 537.600 would not apply. In *Trimble,* however, the defendant was found to be immune at common law, so it was unnecessary for the Court to address the meaning of the 1985 amendment in the context of a municipality engaged in a proprietary function. *Id. Trimble,* moreover, was reversed by the legislature's 1989 amendment that added provisions directly applicable to multistate compact agencies. *See* §§ 537.600.3, .4.

*Larabee v. City of Kansas City* is without application to this case because the proprietary action for which the City was being sued did not fall within one of the express exceptions contained in § 537.600. It was appropriate, therefore, for the Court to examine only the common law and to

---

1. Wollard cites *Findley v. City of Kansas City,* 782 S.W.2d 393 (Mo. banc 1990), and *State ex rel. Wartick v. Teel,* 737 S.W.2d 258 (Mo.App. 1987), in support of this proposition. The Court in *Findley* did not examine § 537.600; the court addressed the constitutionality of § 82.210. The mention of § 537.600 was made in a footnote in the process of providing background information. *See Findley,* 782 S.W.2d at 395 n. 2. *Teel* is of limited value in determining the current status of § 537.600 because it interpreted the meaning of § 537.600 as it existed prior to the 1985 amendment. *See Teel,* 737 S.W.2d at 259.

disregard § 537.600 altogether. *See Larabee,* 697 S.W.2d at 179–80. *Harris v. City of Kansas City* and *Tyler v. Housing Authority of Kansas City* are also without application because these cases involve municipal corporations acting in governmental capacities outside the scope of the express exceptions of § 537.600. *Harris,* 759 S.W.2d at 238; *Tyler,* 781 S.W.2d at 112–13. The *Harris* and *Tyler* courts discussed whether a particular activity was proprietary or governmental before turning to the exceptions contained in § 537.600. It does not necessarily follow, however, that the *Harris* and *Tyler* courts believed that the express waivers were not applicable to suits involving a proprietary function of a municipal corporation.

The case upon which the Wollards rely most heavily is *Schultz v. City of Brentwood,* which held that it was not necessary to determine whether the dangerous condition alleged fell within one of the two exceptions contained in § 537.600 because the allegations sufficiently averred that the city was not entitled to sovereign immunity because the city was acting in a proprietary capacity. *Schultz,* 725 S.W.2d at 160–61. The *Schultz* court clearly believed that torts arising from a municipal corporation's proprietary function were not within the scope of § 537.600. The tort at issue in *Schultz,* however, occurred before 1985; thus, the court's interpretation of § 537.600 was made without reference to the 1985 amendment.

The Wollards' position fails to give meaning to the 1985 amendment. If § 537.600 is read to reestablish the governmental/proprietary distinction as a threshold test, then the language of the 1985 amendment, "all such cases within such situations whether or not the public entity was functioning in a governmental or proprietary capacity," is meaningless. The Wollards implicitly concede that they read the 1985 amendment to effectuate no change in the law; they find the analysis under both the 1978 and the 1985 enactments to be precisely the same.

In an attempt to circumvent the effect of the 1985 amendment, the Wollards give emphasis to this Court's comment in *Johnson v. Bi–State Development Agency,* 793 S.W.2d 864, 866 (Mo. banc 1990), that a public entity loses immunity when it operates in a proprietary capacity. The Wollards seek to read *Johnson* to reaffirm the governmental/proprietary distinction in determining the liability of municipal corporations. The argument, if better developed, would be that § 537.600.2 applies to public entities other than municipal corporations that prior to *Jones* would have been immune when acting in a proprietary capacity. The Wollards' reading of the import of *Johnson* is without foundation. *Johnson* should not be construed as a reaffirmation of the governmental/proprietary distinction in the context of the § 537.600 exceptions, nor should it be taken to mean that the governmental/proprietary distinction is applicable to public entities other than municipal corporations. To adopt the Wollards' suggested interpretation requires blatant disregard of the clear legislative intent to encompass a claim against a municipal corporation public entity for injury resulting from a dangerous condition of its sidewalk within the scope of sovereign immunity §§ 537.600 through 537.650.

The legislature's intent to bring a claim such as the Wollards' within the scope of §§ 537.600 to 537.650 is not only clearly expressed, but also logical, reasonable, fiscally responsible, and fair. To quote from the opinion of the Missouri Court of Appeals, Western District, in this case, the Honorable Charles Shangler writing for the court:

> The meaning Wollard attributes to the sovereign immunity statutes would permit two different sets of tort relief under the same factual circumstances. A claim ... under the proprietary function exception would rest on the "common law" unaffected by § 537.600 and so not subject to the monetary limits of § 537.610.2. A claim under the statutory waiver of subdivision (2) of § 537.600 would be less favored. The legislature determined in favor of parity for all claims that arise from the negligent operation of motor vehicles or the dangerous condition of the property.

The Wollard claim comes within the scope of §§ 537.600 to 537.650. The liability of the City of Kansas City to Wollard does not exceed $100,000.

The judgment is affirmed.

ROBERTSON, C.J., and HOLSTEIN, BENTON and THOMAS, JJ. concur.

RENDLEN and BLACKMAR, Senior Judges, not participating.