Quentin Wilson Director of Revenue Post Office Box 475 Jefferson City, MO 65105
Dear Director Wilson:
This opinion is in response to your questions, submitted on behalf of the State Tax Commission, asking:
 1. Is the offering of an appraisal (as that term is defined in Section 339.503(1) (HB 1601, 1998)) on real property for a fee by a person, who is not licensed or certified under Sections 339.500 through 339.549 (HB 1601, 1998), in a proceeding before the State Tax Commission a violation of law under those sections?
 2. Is the offering of an appraisal (as that term is defined in Section 339.503(1) (HB 1601, 1998)) on real property for a fee by a person, who is not licensed or certified under Sections 339.500 through 339.549 (HB 1601, 1998), in a proceeding before a local Board of Equalization a violation of law under those sections?
 3. Is the provision of an appraisal (as that term is defined in Section 339.503(1) (HB 1601, 1998)) on real property to a property tax assessing official by a salaried employee of the property owner, who performs appraisal services within the scope of his or her employment and who is not licensed or certified under Sections 339.500 through 339.549 (HB 1601, 1998), a violation of law under those sections?
 4. If any of the above scenarios are violations of law, how does that impact the assessing official's ability to consider the provided information?
Section 339.501.1, RSMo Supp. 1998, provides:
 339.501. Licensure or certification of real estate appraisers required, exceptions. — 1. Beginning July 1, 1999, it shall be unlawful for any person in this state to act as a real estate appraiser, or to directly or indirectly, engage or assume to engage in the business of real estate appraisal or to advertise or hold himself or herself out as engaging in or conducting such business without first obtaining a license or certificate issued by the Missouri real estate appraisers commission as provided in sections 339.500 to 339.549.
Section 339.503, RSMo Supp. 1998, provides definitions relevant in interpreting Section 339.501.1. Section 339.503 provides in part:
 339.503. Definitions. — As used in sections 339.500 to 339.549, the following words and phrases mean, unless the context clearly indicates otherwise:
 (1) "Appraisal" or "real estate appraisal", an objective analysis, evaluation, opinion, or conclusion relating to the nature, quality, value or utility of specified interests in, or aspects of, identified real estate. An appraisal may be classified by subject matter into either a valuation or an analysis;
* * *
 (16) "Real estate appraiser" or "appraiser", a person who for a fee or valuable consideration develops and communicates real estate appraisals or otherwise gives an opinion of the value of real estate or any interest therein;
 (17) "Real estate appraising", the practice of developing and communicating real estate appraisals;
* * *
Certain persons are exempted from the requirement to obtain a license or certificate under Sections 339.500 to 339.549. Those persons exempted in Section 339.501.5 are:
 5. The provisions of sections 339.500 to 339.549 shall not be construed to require a license or certificate for:
 (1) Any person, partnership, association or corporation who, as owner, performs appraisals of property owned by such person, partnership, association or corporation;
 (2) Any licensed real estate broker or salesperson who prepares a comparative market analysis or a broker price opinion;
 (3) Any employee of a local, state or federal agency who performs appraisal services within the scope of his or her employment; except that, this exemption shall not apply where any local, state or federal agency requires an employee to be registered, licensed or certified to perform appraisal services;
 (4) Any employee of a federal or state-regulated lending agency or institution;
 (5) Any agent of a federal or state-regulated lending agency or institution in a county of third or fourth classification.
Section 339.501.1 provides that, beginning July 1, 1999, it shall be unlawful for any person in this state to act as a real estate appraiser without first obtaining a license or certificate issued by the Missouri Real Estate Appraisers Commission as provided in Sections 339.500 to 339.549. Section 339.503(16) defines "real estate appraiser" as a person who for a fee or valuable consideration develops and communicates real estate appraisals or otherwise gives an opinion of the value of real estate. Section 339.503(1) defines "real estate appraisal" to include an opinion relating to the value of identified real estate. Therefore, pursuant to Section 339.501.1, beginning July 1, 1999, it is unlawful for any person who is not licensed or certified by the Missouri Real Estate Appraisers Commission to, for a fee or valuable consideration, develop and communicate an opinion of the value of identified real estate, unless otherwise exempted. Section 339.501.5 provides exemptions from the requirement for licensure or certification by the Missouri Real Estate Appraisers Commission. In your first and second questions you inquire about the offering of an appraisal in a proceeding before the State Tax Commission or before a local Board of Equalization. You have provided no facts which indicate the applicability of any of the exemptions in Section 339.501.5. The fact that the appraisal is offered in a proceeding before the State Tax Commission or a local Board of Equalization does not, in itself, provide an exemption.
Your third question inquires about the providing of an appraisal to a property tax assessing official by a salaried employee of the property owner when the employee performs appraisal services within the scope of his or her employment. Section 339.501.5(1) provides an exemption for "[a]ny person, partnership, association or corporation who, as owner, performs appraisals of property owned by such person, partnership, association or corporation." You have provided no facts indicating the specific situation about which are concerned. In order to provide guidance in response to your question, we will assume a situation where property is owned by a corporation and the appraisal is provided to a property tax assessing official by a salaried employee of that corporation. The exemption in Section339.501.5(1) includes corporations. For an exemption under Section 339.501.5(1) to be applicable to corporations, it must include the officers and employees of the corporation. Otherwise, the exemption for a "corporation" would be meaningless. The legislature is presumed not to enact meaningless provisions.Wollard v. City of Kansas City, 831 S.W.2d 200, 203 (Mo. banc 1992). Therefore, a salaried employee of a corporation that owns property will be permitted under the exemption in Section339.501.5(1) to provide an opinion as to the value of the property owned by the corporation.[1]
Your fourth question asks about the assessing official's ability to consider an appraisal offered in violation of Section339.501.1. The fourth question you pose is not one with which this office can assist you through our opinions process. What consideration, if any, to be given an appraisal offered in violation of Section 339.501.1 is a matter for the assessing official.
 CONCLUSION
It is the opinion of this office that beginning July 1, 1999, it will be unlawful for any person who is not licensed or certified by the Missouri Real Estate Appraisers Commission as provided in Sections 339.500 to 339.549, RSMo, to, for a fee, develop and communicate a real estate appraisal before the State Tax Commission or a local Board of Equalization unless such person is exempt from licensure and certification pursuant to Section339.501.5, RSMo Supp. 1998; a salaried employee of a corporation that owns property will be permitted under the exemption in Section 339.501.5(1) to provide an opinion as to the value of the property owned by the corporation.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Section 339.503(16) defines a "real estate appraiser" as a person who for a fee or valuable consideration. . . . [Emphasis added.] Because of the conclusion reached in response to your third question, we need not address if a salaried employee is receiving "a fee or valuable consideration" for the real estate appraisal.